983 F.2d 1067
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kelvin Amir MEADOR-BEY, Plaintiff-Appellant,
v.
Travis JONES; D.E. Houseworth; Kimberly Jeffries,
Defendants-Appellees.
 No. 92-1448.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1992.
 
 Before MERRITT, Chief Judge, and BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 Kelvin Amir Meador-Bey, a pro se Michigan prisoner, appeals the district court's judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory, and injunctive relief, Meador-Bey sued two deputy wardens and a sergeant at the Ionia Maximum Correctional Facility in their individual and official capacities. He alleged that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by subjecting him without authority to thirty days loss of out-of-cell exercise following his conviction for a major misconduct violation. He maintained that, under Michigan Department of Correction (MDOC) administrative rules and policies, only the hearing officer had the authority to impose this sanction. In an amended complaint, Meador-Bey further alleged that the loss of his exercise privilege would have been unconstitutional even if imposed by the hearing officer, and that he suffered depression, stomach cramps, and bowel problems as a result of the deprivation. The defendants filed a motion for dismissal or for summary judgment to which Meador-Bey responded.
 
 
 3
 In a report filed February 28, 1992, the magistrate judge concluded that Meador-Bey's complaint did not rise to a constitutional level and recommended that the court grant the motion to dismiss. After reviewing Meador-Bey's objections, the district court accepted the magistrate judge's report and recommendation and dismissed the complaint for failure to allege a cognizable constitutional violation.
 
 
 4
 On appeal, Meador-Bey continues to argue the merits of his claim.
 
 
 5
 Upon review, we affirm the district court's judgment because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). This court reviews a grant of summary judgment de novo. EEOC v. Univ. of Detroit, 904 F.2d 331, 334 (6th Cir.1990). This standard of review is appropriate because, although the district court's judgment purports to dismiss Meador-Bey's complaint for failure to state a claim, the magistrate judge's report, which was adopted by the district court, considered matters outside the initial pleadings. See Friedman v. United States, 927 F.2d 259, 261 (6th Cir.1991).
 
 
 6
 The determination of when restricted exercise rises to a level of constitutional magnitude depends upon the facts of each case, including the length of time the restrictions are imposed, the size of the cell, opportunity for contact with other inmates, time per day expended outside the cell, justification for the denial of exercise, physical or psychological injuries resulting from a lack of exercise, and whether there is a particularized need for exercise. See Martin v. Tyson, 845 F.2d 1451, 1456 (7th Cir.) (per curiam), cert. denied, 488 U.S. 863 (1988); Patterson v. Mintzes, 717 F.2d 284, 289 (6th Cir.1983).
 
 
 7
 Although the record does not provide facts from which to evaluate Meador-Bey's claim according to every one of the above factors, it does provide enough facts to determine that this claim does not rise to a constitutional level. The restriction upon Meador-Bey's out-of-cell exercise lasted for only thirty days. Courts have found constitutional denials of exercise that lasted for twenty-eight days, Harris v. Fleming, 839 F.2d 1232, 1236 (7th Cir.1988), and thirty days, Hayward v. Procunier, 629 F.2d, 599, 603 (9th Cir.1980), cert. denied, 451 U.S. 937 (1981).
 
 
 8
 Moreover, the restriction had a strong penological justification, i.e., it was imposed as a sanction for a major misconduct violation. In this way, it was similar to a restriction found acceptable by the Eighth Circuit. See Leonard v. Norris, 797 F.2d 683, 685 (8th Cir.1986).
 
 
 9
 Meador-Bey's conclusory allegations of psychological and physical injury may be rejected. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987). The only evidence presented of injury (depression, stomach cramps, and bowel problems) is contained in Meador-Bey's unauthenticated and self-serving handwritten copies of kites allegedly sent at the time of his loss of privileges.
 
 
 10
 Finally, Meador-Bey's claim that MDOC procedures were not complied with is not a constitutional violation cognizable under § 1983. See Walker v. Mintzes, 771 F.2d 920, 934 (6th Cir.1985); Roberts v. City of Troy, 773 F.2d 720, 726 (6th Cir.1985).
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.