## CLICK v. PARISH et al.

Ohio Appeals, Third District, Hardin County.

Decided June 10, 1950.

Carlos A. Faulkner, Harry I. Kaylor, Kenton, for plaintiff-appellee.

Frank Wiedemann, Marion, Roy W. Roof, Kenton, for defendants-appellants.

**OPINION**

Per CURIAM.

These are appeals upon questions of law, one by the plaintiff Ellis Click, and the other by defendants Lenole Parish, Harry Boyd and Al Smith, from a judgment of the Common Pleas Court of Hardin County, Ohio.

The plaintiff filed his petition in said court, which, omitting caption, signatures of counsel, and oath thereto, is in the words and figures following, to-wit:

"Now comes plaintiff, Ellis Click, and for his cause of action against the defendants, Lenole Parish, Harry Boyd, Clayton Shope and Al Smith, says:

"The defendant, Harry Boyd, is a Justice of the Peace of Montgomery township, Marion county, Ohio; the defendant, Al Smith, was a special constable of said Montgomery Township, Marion county, Ohio, deputed by said Justice of the Peace, and the defendant, Lenole Parish, is a resident of Montgomery Township in said county.

"On or about the 14th day of October, 1947, said defendants did combine and conspire together to obtain and procure, under color of the office of said Harry Boyd, Justice of the Peace aforesaid, and of the office of Al Smith, special constable as aforesaid, to cause to be obtained and procured and did obtain

and procure, under color of said offices, the false and wrongful and illegal arrest of plaintiff herein, and did unlawfully and falsely detain the person of plaintiff and restrain him of his liberty, at his home in Kenton, Hardin county, Ohio, and caused him to be conveyed, and did convey him, under said false, wrongful and illegal arrest of his person and restraint of his liberty, from his home, in Kenton, Hardin County, Ohio, to the jail of Montgomery Township, Marion County, Ohio, late at night, to-wit 11:30 o'clock P. M. on said day, and kept plaintiff in said jail under color of said false, wrongful and unlawful arrest for a period of more than 12 hours, before releasing him.

"Said false and wrongful and illegal arrest of plaintiff by defendants was wanton and wilful and without just cause and was not made for the purpose of prosecuting a criminal offender under the laws of the state but solely for the purpose of collecting an amount claimed owing the defendant, Lenole Parish, from plaintiff.

"Plaintiff, at said time, was the owner of a truck, which was used for the purpose of hauling hay, and employed a driver to purchase hay in the vicinity of Kenton, Ohio, and haul same to southern Ohio and other points to sell. On or about October 13, 1947, his said driver called at the farm of the defendant, Lenole Parish, and made arrangements to buy some hay to haul south to sell. The driver did not have the money to pay for such hay, which said Parish knew, but sold him said hay, which he was to bring through Kenton and have weighed at the scales of David Wax in Kenton and leave the weigh slip there for said Parish to pick up, that evening, which said driver did. Through some misunderstanding said Parish did not find said weigh slip at Wax's, although it was there, and without further investigation, proceeded to the place of the defendant, Harry Boyd, Justice of the Peace, to see how he could get his money. Said defendants, Boyd and Parish, knew that said Boyd had no jurisdiction over this plaintiff in any civil action to collect for said hay and that said defendant, Boyd, could secure no costs except in a criminal action by bringing plaintiff into his court, and they thereupon on October 14, 1947 prepared on the criminal docket of said Justice, page 95, an affidavit which said Parish did not sign, charging that on or about the 13th day of October, 1947, at the County of Marion, one Ellis Click did take and dispose of 162 bales of timothy hay from the premises of the above Lenole Parish and did transport it out of the county with intent to defraud the above complainant. Contrary to §13104 GC which states the penalty for obtaining property under false pretenses. The

defendant, Al Smith, was called in and informed of the facts and agreed to be sworn in as a special constable to arrest plaintiff and bring him to Marion County. Thereafter a pretended warrant, embodying such pretended criminal charge above, was prepared and issued, by the defendant, Harry Boyd, under color of his office as Justice of the Peace, at the instigation of said defendant, Lenole Parish, to said defendant, Al Smith, who proceeded at a late hour in the evening to the home of plaintiff, accompanied by the defendant, Clayton Shope, a police officer of the City of Kenton, Ohio, where said defendant, Al Smith, and said defendant, Clayton Shope, made said arrest of plaintiff above set forth, and forced him to accompany said Al Smith to said jail in Montgomery Township, Marion County, Ohio. Said plaintiff was placed in said jail, which was filthy and unsanitary and uncomfortable and left until the next day, October 15, 1947. He was then told by defendants that in order to get out he would have to pay for said hay and pay the costs of said arrest. He was arraigned before said Justice upon said trumped-up and pretended charge, to which he pleaded 'not guilty.' Later on in said day, after he had paid the sum of $106.50, demanded by the defendant, Lenole Parish, and the sum of $3.80, costs demanded by defendant, Harry Boyd, and $8.35 costs demanded by the defendant, Al Smith, he was permitted to leave said jail and go home. No bond was fixed or given in said pretended criminal case to secure his release; he was not recognized to appear again before the Justice of the Peace nor bound over to the Grand Jury of the County, nor was the pretended charge withdrawn or dismissed.

"By reason of said wilful, wanton, malicious, wrongful acts in causing plaintiff to be falsely arrested and the illegal restraint of his person arising therefrom as above set forth, plaintiff was unable to continue his said business of buying and selling hay in the vicinity of Kenton, Ohio, was forced to sell his truck and discontinue his business, suffered severe discomfort to his person, was made mentally upset and nervous for a considerable period, and was wrongfully humiliated and shamed, to his damages, ordinary and punitive, in the sum of $50,000.00.

"Wherefore plaintiff prays judgment against the defendants in the sum of $50,000.00, and for his costs."

Each of the parties defendant filed his separate answer to the petition, and to each of the answers the plaintiff filed his reply in which he denied each and every allegation of each of said answers which did not constitute admissions of the allegations of plaintiff's petition.

The cause was tried to a jury in the Common Pleas Court upon the pleadings mentioned.

Upon the trial of the cause, evidence was introduced by the parties, including a paper writing designated as Plaintiff's Exhibit 4, which is in the words and figures following, to-wit:

"Warrant to Arrest

(Violation of State Law)

(Containing Copy of affidavit)

Justice of the Peace Court,

"The State of Ohio, Marion County, ss:
Montgomery Township.

"To Al Smith, Constable of said Township,
Greeting:.

"Whereas, There has been filed with me an affidavit of which the following is a copy:

Justice of the Peace Court,

"The State of Ohio, Marion County, ss:
Montgomery Township.

"Before me, Harry Boyd, Justice of the Peace of Montgomery Township, in said County, personally came Lenole Parish, who, being duly sworn according to law, deposes and says that on or about the 13th day of October, 1947, at the County of Marion, one Ellis Click did take and dispose of 162 bales of Timothy Hay from the premises of the above Lenole Parish and did transport it out of the county with intent to defraud the above complainant. Contrary to §13104 GC which states the penalty for obtaining property under false pretenses.

Lenole Parish

"Sworn to and subscribed before me, this 14th day of October, 1947.

"Harry Boyd

Justice of the Peace.

"These are, therefore, to command you to take the said ———— if-he be found in your County, or, if-he is not found in your County, that you pursue after him in any other County in this State, and take and safely keep the said ————, so that you have his body forthwith before me to answer the said complaint, and be further dealt with according to law. Given under my hand this 14th day of October, 1947.

. "Harry Boyd

Justice of the Peace."

and a paper writing designated as Plaintiff's Exhibit No. 2, which is in the words and figures following, to-wit:

"Warrant to Arrest

(Violation of State Law)

.(Containing Copy of Affidavit)

Justice of the Peace Court,

"The State of Ohio, Marion County, ss:
Montgomery Township.
"To Al Smith, Constable of said Township,
Greeting:
"Whereas, There has been filed with me an affidavit, of which the following is a copy:

Justice of the Peace Court.
"The State of Ohio, Marion County, ss:
Montgomery Township.
"Before me, Harry Boyd, Justice of the Peace of Montgomery Township, in said County, personally came Lenole Parish, who, being duly sworn according to law, deposes and says that on or about the 13 day of October 1947, at the County of Marion, one Ellis Click did take and dispose of 162 bales of Timothy Hay from the premises of the above Lenole Parish and did transport it out of the county with intent to defraud the above complainant. Contrary to §13104 GC which states the penalty for obtaining property under false pretenses.

"Lenole Parish
"Sworn to and subscribed before me, this 14th day of October, 1947.

"Harry Boyd
Justice of the Peace.
"These are, therefore, to command you to take the said Ellis Click if he be found in your County, or, if-he is not found in your County, that you pursue after him in any other County in this State, and take and safely keep the said Ellis Click, so that you have his body forthwith before me to answer the said complaint, and be further dealt with according to law.
"Given under my hand this 14 day of October 1947.

"Harry Boyd
Justice of the Peace."

The jury returned a verdict in the sum of $675.00 against the four defendants named in the petition.

Motion for judgment notwithstanding the verdict was then made by the four defendants, and the court sustained the motion as to the defendant Shope but overruled the same as to the other defendants.

Judgment was then rendered on the verdict against the defendants, Parish, Boyd and Smith, and a motion for new trial was filed in their behalf. Motion for new trial was also filed on behalf of the plaintiff, Click. All motions were overruled on January 14, 1950.

Notice of appeal to this court from said judgment was thereafter filed by the plaintiff on January 23, 1950; and on January 24, 1950, notice of appeal was filed on behalf of the defendants

Parish, Boyd and Smith. These are the appeals under consideration.

The plaintiff-appellant assigns errors in certain particulars, and the defendants-appellants also assign errors in certain particulars, but in the view we take of this case it is necessary to consider only certain of the errors assigned by the defendants-appellants, as a consideration of these errors will be dispositive of the whole case. The assignments referred to are as follows:

a. The court erred in refusing to follow the law as decided by the Supreme Court in the case of **Brinkman v. Drolesbaugh, 97 Oh St 171, 119 N. E. 451, L. R. A. 1918F, 1132.**

b. The verdict of the jury and the judgment of the court are contrary to law.

c. The court erred in overruling the defendants' motion for judgment notwithstanding the verdict of the jury.

An inspection of the petition discloses that the cause of action pleaded by the plaintiff is strictly and solely one for damages for false imprisonment.

The rules of law applicable to actions of this character are stated in sub-divisions 1, 2, 3, 4, 5 and 6 of the syllabus of the case of **Brinkman v. Drolesbaugh, 97 Oh St 171, 119 N. E. 451, L. R. A. 1918F, 1132,** to be as follows:

"1. 'False imprisonment' is a legal term defining a legal status known in law as an unlawful detention or illegal deprivation of one's liberty.

"2. False imprisonment per se is not concerned with good or bad faith, malicious motive, or want of probable cause on the part of the prosecuting witness, or the officer causing the imprisonment. If the imprisonment was lawful, it is not the less lawful that any or all of the foregoing elements existed. These elements relate to an action of malicious prosecution, but are not essential to an action in false imprisonment.

"3. Whether or not the complaint is true or false is of no concern in an action for false imprisonment. Such inquiry may be essential to an action in malicious prosecution. Whether or not the complaint in the form of affidavit, information, or indictment is or is not sufficient in law to charge an offense is likewise per se insufficient to furnish the basis of an action in false imprisonment.

"4. The law relating to false imprisonment classifies affidavits, informations, and indictments into 'void' and 'voidable.' The 'void' class includes those setting forth facts which in no conceivable form can constitute a criminal offense; or if they might constitute an offense, the court issuing the process had no jurisdiction over such offense or the person charged with

the offense. The 'voidable' class includes those where a bona fide attempt has been made to charge a possible offense under the statute, but by reason of some defect or irregularity such charge is per se insufficient in law. As to such 'voidable' complaint or 'voidable' processes issued thereon there can be no false imprisonment per se.

"5. Judges and magistrates whose courts have jurisdiction of an offense, sought to be charged in a complaint by affidavit, information, or indictment, but which complaint is insufficient in law, are, on grounds of public policy, exempt from liability for false imprisonment by virtue of any criminal process issued on such complaint.

"6. By the same public policy the administrative or executive officer, whether he be constable, policeman, game warden, sheriff, or any other authorized officer of the state, whose duty it is under the law to serve the process of such court, is likewise exempt from any liability arising from an imprisonment by virtue of such process, which is prima facie regular."

It is a general rule that the syllabi of a case decided by the Supreme Court constitutes the law of the case, and that lower courts are constrained to follow the law as laid down in the syllabus of such case. Rule VI of Rules of Practice of the Supreme Court, 94 Ohio St. IX, and notes thereunder.

While the propositions of law appearing in subdivisions 3, 4, 5 and 6 of the syllabus are to some extent obiter and not necessary to a decision of the case by the Supreme Court, they do constitute a declaration of the public policy of the state, unanimously concurred in by the Judges of the Supreme Court, as to the various propositions of law set forth therein, designed for the protection of judges, justices of the peace, sheriffs and constables in the performance of their duties, much more liberal in character to accomplish such purpose than are prevalent in other jurisdictions.

Applying these rules of law, to the case under consideration, it is clear that if the affidavit and warrant upon which the arrest and imprisonment of the plaintiff are based, are not void but merely voidable, the plaintiff has no cause of action against any of the defendants for damages for false imprisonment.

Under the rules mentioned, the "void" class includes affidavits,. informations and indictments setting forth facts which in no conceivable form can constitute a criminal offense; or if they might constitute an offense, the court issuing the process had no jurisdiction over such offense or the person charged with the offense. And the "voidable" class includes those affidavits, informations and indictments where a bona fide

attempt has been made to charge a possible offense under the statute, but by reason of some defect or irregularity such charge is per se insufficient in law.

Considering the affidavit and warrant in the instant case, in the light of these prescribed tests, it appears that §13104 GC, which the acts and intent of said Ellis Click averred in the affidavit are charged therein as being contrary thereto, prescribes an offense of obtaining property by false pretenses with intent to defraud of which the justice of the peace had jurisdiction to issue a warrant for the arrest and detention of a person charged therewith.

The recitals in the affidavit constitute a bona fide attempt to charge said offense under said section, and the affidavit and warrant are not sufficient in law to charge such an offense, only because there is a failure to charge in such affidavit, the false pretenses by which the timothy hay therein described was obtained by the plaintiff, Ellis Click.

Following the rules of law set forth in the quoted subdivisions of the syllabus in the case of **Brinkman v. Drolesbaugh, 97 Oh St 171,** 119 N. E. 451, L. R. A. 1918F, 1132, we therefore hold that the affidavit and warrant upon which the imprisonment of the plaintiff was based, were "voidable" and not "void," and this being the case, that the plaintiff has no cause of action against the defendants for damages for false imprisonment, although he may have a cause of action against one or more of them for malicious prosecution. However, the venue of an action for malicious prosecution is, as against all the defendants, who are all residents of Marion county and were served with summons in Marion county, not in Hardin county.

For the reason that the affidavit and warrant were voidable and not void and for the further reason that there was no evidence tending to prove that the defendant, Clayton Shope, in any way participated in the arrest and confinement of plaintiff the court did not err in rendering a judgment in his favor notwithstanding the verdict.

As the plaintiff had no cause of action against any of the defendants for damages for false imprisonment, the Common Pleas Court erred in that the verdict of the jury and the judgment of the court are contrary to law, and in overruling defendants' motion for judgment notwithstanding the verdict, and for these errors the judgment of the Common Pleas Court will be reversed, and this court, rendering the judgment the Common Pleas Court should have rendered, will render final judgment in favor of the defendants and against the plaintiff, dismissing plaintiff's petition at his costs, and will further adjudge that the defendants-appellants recover from the

plaintiff their costs upon their appeal, and the appeal of plaintiff will be dismissed at his costs.

GUERNSEY, PJ, MIDDLETON and JACKSON, JJ, concur.