Allen **FRIEDMAN**, Plaintiff–Appellant,

v.

**UNITED STATES of America,**
**Defendant–Appellee.**

No. 90–3337.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 31, 1991.

Decided March 5, 1991.

Robert J. Vecchio (argued), Vecchio & Schulz, Cleveland, Ohio, Robert S. Catz (argued), District of Columbia School of Law, Washington, D.C., for plaintiff-appellant.

Emily M. Sweeney, Asst. U.S. Atty., Cleveland, Ohio, Marie Louise Hagen (argued), Jeffrey Axelrad, U.S. Dept. of Justice, Torts Branch, Civ. Div., Washington, D.C., for defendant-appellee.

Before MARTIN and BOGGS, Circuit Judges, and BELL, District Judge.*

BOYCE F. MARTIN, Jr., Circuit Judge.

In this action under the Federal Tort Claims Act, Allen Friedman appeals the summary dismissal of his claims for malicious prosecution, false arrest, and false imprisonment. Friedman's malicious prosecution claim is that the district court erred in finding the United States had probable cause to prosecute him for violations of the

---

* The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

federal labor laws. Friedman asserts his false arrest and imprisonment claims are sufficient because his earlier indictment and conviction were set aside, even after affirmance by this Court, by the grant of a motion for a new trial and the later dismissal of the indictment by the district court. We believe that probable cause did exist to prosecute Friedman and that the indictment and conviction were not void. While not an appropriate 12(b)(6) dismissal, there was evidence available that is sufficient to support summary judgment.

█ When matters outside the pleadings are presented to and considered by the court in a Rule 12(b)(6) motion, as here, the motion may be treated as one for summary judgment, *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir.1986) (per curiam), and the parties involved must be given a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b). The district court, in dismissing of Friedman's claims, admitted to taking "judicial notice of facts obtained from the unpublished opinion of [the Court of Appeals] affirming plaintiff's conviction," and the court went on cite the opinion extensively. Usually, consideration of and citation to an earlier case will not turn a Rule 12(b)(6) motion into a Rule 56 motion. However, this is not a usual case. The lower court here took *judicial notice of facts* in the opinion. In considering those facts, the court looked beyond the pleadings and, after giving plaintiff an opportunity to respond, used the prior case as a factual basis to consider whether plaintiff had a valid claim. Accordingly, we think review under the standard for summary judgment set forth in Rule 56 is appropriate.

In 1976, Friedman was offered a job as a labor consultant by officers of Teamsters Local 507 in Cleveland. His designated title and function was "business agent"; he was to be paid $1,000 a week for these services. Although Friedman periodically showed up at the union hall, he never performed the services of a business agent. He continued to accept his salary until his retirement in 1981.

On July 14, 1983, Friedman was indicted by a grand jury for embezzlement because of his acceptance of a salary without work. He was convicted on November 3, 1983, on four counts of embezzlement from the union under 29 U.S.C. § 501(c).

Friedman was granted a new trial after the district court learned that agents of the United States withheld evidence at his trial. In order to avoid giving that information to Friedman, the United States moved to dismiss the indictment. That motion was granted, with prejudice. Friedman then brought this suit on April 30, 1987, seeking damages arising out of his prosecution, conviction, and imprisonment. He alleged both constitutional and common law tort claims, the latter including false arrest, false imprisonment, and malicious prosecution. These claims were dismissed and this timely appeal followed.

Before we can address the substance of Friedman's claims we must determine whether he was given a reasonable opportunity to respond to the motion of the United States. Fed.R.Civ.P. 12(b). We find that he was. On October 6, 1986, the United States moved to dismiss the complaint. On October 20, the Court granted Friedman extra time to respond to that motion, extending the deadline until November 20. Friedman filed a motion for leave to file an amended complaint on November 21 and that motion was overruled on December 18, 1990. Despite the extra time, Friedman never filed anything in opposition to the United States motion, which was granted by the district court on February 23, 1990.

█ Friedman first argues that the district court erred in granting the United States' motion to dismiss his claim for malicious prosecution because the United States did not have probable cause to prosecute him. As his claim is under the Federal Tort Claims Act and as there is no general civil tort law applicable to the United States, we turn to Ohio law. To recover under a cause of action for malicious prosecution in Ohio, the complaining party must prove the following: (1) a maliciously instituted prior proceeding by the defendant

against the plaintiff; (2) lack of probable cause for filing the prior action; and (3) the prior action was terminated in plaintiff's favor. *Rogers v. Barbera,* 170 Ohio St. 241, 164 N.E.2d 162 (1960) (citations omitted). Friedman asserts that if the information held by the United States had been given to the grand jury, probable cause would not have existed. Friedman admits that he did not perform the duties and services of a business agent for Local 507, although he was paid $1,000 per week. He merely asserts that he would not have done so without the United States' complicity. The return of the indictment by the grand jury is evidence of probable cause, and the plaintiff has the burden of producing substantial evidence to establish a lack of probable cause. *Epling v. Pacific Intermountain Express Co.,* 55 Ohio App.2d 59, 62, 379 N.E.2d 239, 241 (1977). The facts we stated in the appeal of his conviction demonstrate the compelling evidence with which the government established probable cause:

> He [Friedman] told Labor Department investigators that he "sold" Local 752 to Jackie Presser and Harold Friedman. [He] also admitted that he had done absolutely nothing in return for the money paid during the four year period covered by the indictment. He further admitted that he told a union attorney that he knew he was committing embezzlement, since the union was getting no benefit in exchange for his salary. These admissions, standing alone, establish every element of a § 501(c) offense: Friedman's acceptance of funds for no work, his fraudulent intent, and his awareness that the union was getting no benefit for the money it was paying him.

> The government also introduced evidence to corroborate [Friedman's] admissions. Records of meetings and other union functions indicated that [Friedman] was never in attendance. When candid photos of union officials were exhibited, the same posed photo of [Friedman] was repeatedly used. All of this evidence clearly corroborated the admissions made by appellant to the Labor Department investigators.

*United States v. Friedman,* No. 83–3815, slip op. at 3 (6th Cir.1984) [740 F.2d 969 (table) ]; *see also United States v. Friedrick,* 842 F.2d 382 (D.C.Cir.1988).

■ Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). All inferences " 'must be viewed in the light most favorable to the party opposing the motion.' " *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)). "If the evidence is merely colorable, *Dombrowski v. Eastland,* 387 U.S. 82 [87 S.Ct. 1425, 18 L.Ed.2d 577] (1967) (per curiam), or is not significantly probative, ... summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The burden is on Friedman to rebut the presumption of probable cause which arose upon the return of the indictment by the grand jury. He has failed to allege sufficient facts to show he could meet this burden. Friedman's action cannot stand on the mere allegation that the government provided him with the opportunity to commit the crime. *United States v. Williams,* 613 F.2d 560, 562 (5th Cir.1980). Accordingly, we affirm the dismissal of his claim for malicious prosecution.

■ Friedman also asserts that the district court erred in dismissing his claims for false arrest and false imprisonment. He argues that his indictment and conviction are void because of the grant of his motion for a new trial and the later dismissal of the indictment. "False arrest and false imprisonment as causes of action are virtually indistinguishable." *Rogers,* 170 Ohio St. at 243, 164 N.E.2d 162. "[A] plaintiff must show only that he or she was detained and that the detention was unlawful. The tort does not require proof of malice, motive, or lack of probable cause." *Harvey v. Horn,* 33 Ohio App.3d 24, 27, 514 N.E.2d 452, 454 (1986). An action for false arrest or imprisonment cannot stand when

the imprisonment results from a "judgment or order of a court of competent jurisdiction, unless such judgment or order is absolutely void." *Tymcio v. State*, 52 Ohio App.2d 298, 302, 369 N.E.2d 1063, 1066 (1977) (citation omitted). Under the law of false arrest and imprisonment, the state of Ohio categorizes indictments into two categories: void and voidable. *Click v. Parish*, 89 Ohio App. 318, 326, 98 N.E.2d 333, 338 (1950).

> The 'void' class includes those setting forth facts which in no conceivable form can constitute a criminal offense; or if they might constitute an offense, the court issuing the process had no jurisdiction over such events or the person charged with the offense. The 'voidable' class include those where a bona fide attempt has been made to charge a possible offense under the statute, but by reason of some defect or irregularity such charge is per se insufficient in law.

*Id.* at 326, 98 N.E.2d 333 (quoting paragraph four of the syllabus of *Brinkman v. Drolesbaugh*, 97 Ohio St. 171, 119 N.E. 451, 454 (1918)). Voidable indictments are insufficient to support an action for false arrest or imprisonment. *Id.* The indictment at issue did set forth facts which could constitute embezzlement and a bona fide attempt was made to charge embezzlement. That the indictment was ultimately dismissed does not mean that it was void; it was merely "voidable." *See Click*, 89 Ohio App. at 326, 98 N.E.2d 333. Friedman's claims do not establish any genuine issue of material fact and the United States is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). Thus, we affirm the dismissal of Friedman's claims for false arrest and false imprisonment.

For the foregoing reasons, the judgment of the district court is affirmed.