974 F.2d 1338
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Antoine MILLER-BEY, Plaintiff-Appellant,
v.
Ms. DORRIES, Defendant-Appellee.
 Nos. 91-2333, 91-2334.
 United States Court of Appeals, Sixth Circuit.
 Aug. 20, 1992.
 
 Before KEITH and BATCHELDER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Antoine Miller-Bey, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Miller-Bey sued Dorries, a corrections officer at the Standish Maximum Correctional Facility, in her individual and official capacities. Miller-Bey alleged that his Fourteenth Amendment due process rights were violated when: (1) Dorries searched his cell and destroyed his religious and legal materials, and (2) Dorries wrote two false misconduct tickets on him. Miller-Bey was found guilty of both misconduct tickets following a hearing by a corrections officer other than Dorries.
 
 
 3
 The defendant filed a motion to dismiss or in the alternative for summary judgment. After initially granting summary judgment for the defendant, the district court vacated that judgment and granted the defendant's motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). However, the district court failed to specifically address in its opinion Miller-Bey's claim that Dorries took legal and religious materials from his cell.
 
 
 4
 On appeal, Miller-Bey continues to argue the merits of his case. He requests a transcript at government expense and has filed a motion for the appointment of counsel. Both parties have filed briefs.
 
 
 5
 Initially, we note that to the extent Miller-Bey sued Dorries for acts performed in her official capacity, the defendant is not subject to suit for monetary damages in her official capacity under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989). She is, however, subject to suit for monetary damages to the extent that she is sued in her individual capacity. See Hafer v. Melo, 112 S.Ct. 358, 362-63 (1991). In addition, although the district court entered an order dismissing the case pursuant to Fed.R.Civ.P. 12(b)(6), it considered matters outside the pleadings (Miller-Bey's affidavit) and therefore review under the standard for summary judgment is appropriate. See Bell v. Chesapeake & Ohio Ry. Co., 929 F.2d 220, 221-22 (6th Cir.1991) (per curiam); Friedman v. United States, 927 F.2d 259, 261 (6th Cir.1991).
 
 
 6
 We review the district court's grant of summary judgment de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is properly granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 7
 Upon review, we affirm the district court's judgment regarding Miller-Bey's false misconduct tickets claim as there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. As to Miller-Bey's claim that Dorries took legal and religious materials from his cell, the district court failed to specifically address this issue in its opinion. Because of the nature of the materials allegedly taken from the plaintiff's cell, we cannot say at this juncture that the plaintiff cannot state a claim under 42 U.S.C. § 1983. Moreover, sworn affidavits from both Miller-Bey and Dorries demonstrate that there is a genuine issue of material fact in dispute; and, hence this issue must be remanded for further consideration by the district court.
 
 
 8
 Accordingly, we hereby deny his motion for counsel and request for a free transcript and affirm the district court's judgment to the extent it dismissed Miller-Bey's false misconduct tickets claim. However, as to Miller-Bey's claim regarding the taking of his religious and legal materials, the district court's judgment is vacated and the case remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.