986 F.2d 1422
 1993-1 Trade Cases P 70,150, 21 Media L. Rep. 1219
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NEWS WEEKLY SYSTEMS, INC., Plaintiff-Appellant,
v.
CHATTANOOGA NEWS-FREE PRESS, Chattanooga Times, Defendants-Appellees.
 No. 92-5500.
 United States Court of Appeals, Sixth Circuit.
 Feb. 23, 1993.
 
 Before RYAN and SILER, Circuit Judges, and LIVELY, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 News Weekly Systems, Inc. appeals from the district court's grant of summary judgment in favor of the defendants, the Chattanooga Times and the Chattanooga News-Free Press, in this antitrust suit seeking injunctive relief and damages. For reasons we discuss below, we conclude that the district court did not err in granting summary judgment for the defendants, and we therefore affirm. We further conclude that the defendants are entitled to sanctions under Fed.R.App.P. 38.
 
 I.
 
 2
 The plaintiff is a Tennessee corporation that publishes a weekly newspaper of general circulation for the Chattanooga market. The defendants, functioning under a joint operating agreement, also publish newspapers in Chattanooga, but on a daily basis.
 
 
 3
 In 1980, the Times and the News-Free Press applied to the U.S. Attorney General for approval of a joint operating agreement (JOA) under the Newspaper Preservation Act, 15 U.S.C. §§ 1801-1804. At the time of the application, the Times was a daily morning paper, while the News-Free Press was published weekday afternoons and Saturday and Sunday mornings. The JOA proposed to eliminate commercial competition between the two papers, although the editorial and news operations of the papers were to remain independent.
 
 
 4
 The defendants applied for approval of the JOA on March 24, 1980. They then filed an interim application for a temporary approval on April 29, which the Antitrust Division recommended be denied on May 6. On May 12, before the Attorney General had ruled on either application, the parties proceeded to implement portions of the proposed JOA. On May 13, the Attorney General denied the temporary application.
 
 
 5
 On September 2, however, the Attorney General approved certain portions of the JOA proposed in the principal application. The approval operated to exempt the defendants from antitrust violations caused by their cooperation. The Attorney General refused to approve, however, those portions of the proposed JOA that had already been undertaken by the parties, reasoning that "the antitrust exemption provided for by Congress is only available to arrangements entered into with the prior consent of the Attorney General.... Accordingly, those arrangements already implemented without consent are not eligible for the statutory exemption and cannot be approved." The Attorney General was careful to note, however, that "the Act does not function to affirmatively disadvantage newspapers that enter into arrangements without the Attorney General's consent--it merely deprives them of the advantage of antitrust immunity." The already-implemented aspects of the JOA not approved were:
 
 
 6
 (1) the joint physical production of the two papers;
 
 
 7
 (2) the discontinuation of the Sunday Times; and
 
 
 8
 (3) the change in the edition time of the Saturday News-Free Press from morning to afternoon.
 
 
 9
 Approval of the JOA was otherwise "granted in all respects."
 
 
 10
 The plaintiff began publishing its weekly paper in December 1986, and attempted, without a great deal of success, to carve out a niche for itself in the Chattanooga market. It then filed suit under the Sherman Antitrust Act, alleging that the defendants had attempted to monopolize the Chattanooga newspaper market. In granting summary judgment for the defendants, the district court first noted that News Weekly could not, "as a matter of law, maintain a private civil action against defendants for alleged violations of the Sherman Antitrust Act on any matters where the Attorney General has conferred immunity." It then turned to the nonimmunized portions of the joint operating agreement, and concluded that the existence of the JOA was immaterial to some of the plaintiff's claims; that other claims were "illogical and without merit as a matter of law"; and that the remaining claims were merely conclusory allegations, for which the plaintiff presented no factual or legal support. The district court accordingly entered summary judgment in favor of the defendants as to all aspects of the plaintiff's complaint.
 
 II.
 
 11
 This court's review of a grant of summary judgment is de novo. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Under Fed.R.Civ.P. 56(c), summary judgment is proper if there is no genuine issue as to any material fact. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).[1]
 
 
 12
 News Weekly presents three arguments in support of its contention that the district court erred in granting summary judgment in favor of the defendants[2]: (1) that any joint agreement not approved by the Attorney General is per se illegal; and that (2) the Times 's discontinuation of its Sunday newspaper and (3) the News-Free Press 's change in edition time from Saturday morning to Saturday afternoon, neither of which were immunized by the Attorney General, both violate the Sherman Act.
 
 
 13
 The plaintiff's first argument is clearly devoid of merit. In Newspaper Guild v. Levi, 539 F.2d 755 (D.C.Cir.1976), cert. denied, 429 U.S. 1092 (1977), the court held that "simply to put a joint operating arrangement into effect, consent is not required, though absent approval the arrangement remains fully subject to the antitrust laws." Id. at 760. In other words, as the Attorney General made clear in approving portions of the subject JOA, if a joint operating agreement does not otherwise violate antitrust law, the mere lack of approval by the Attorney General does not make it unlawful. The plaintiff makes no attempt to challenge Levi, and presents no case law, statutory language, or legislative history that would even arguably justify its position.
 
 
 14
 Turning now to the plaintiff's second and third arguments, we find that the plaintiff failed to present them to the district court. Unless exceptional circumstances are present, this court normally will not address an issue not raised for the first time in the district court. Taft Broadcasting Co v. United States, 929 F.2d 240, 243-45 (6th Cir.1991). No exceptional circumstances that would justify a departure from our usual rule exist in this case. We note, moreover, that even were we to consider these claims, the plaintiff's arguments would be unavailing. The plaintiff fails either to specifically allege how the defendants' actions violated the Sherman Act, or to explain how the actions resulted in any damage to it at all, let alone an injury of the type that the antitrust laws are designed to prevent. See Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc., 429 U.S. 477, 487-88 (1977).
 
 III.
 
 15
 Fed.R.App.P. 38 provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." An award under Rule 38 requires a showing that a case is unreasonable or unfounded. Wrenn v. Gould, 808 F.2d 493, 505 (6th Cir.1987). An appeal is frivolous within the meaning of the Rule "if it is obviously without merit and is prosecuted for delay, harassment, or other improper purposes." N.L.R.B. v. Cincinnati Bronze, Inc., 829 F.2d 585, 591 (6th Cir.1987).
 
 
 16
 The plaintiff fails to cite a single authority in support of its arguments, and in fact, ignores existing case law on the issues. It even fails to coherently develop its various arguments. It further fails at every turn to present any facts that would suggest that the defendants have committed an antitrust violation, or that such violation has injured the News Weekly. It is readily apparent, therefore, that this appeal is without merit. We can conceive of no proper purpose for which the plaintiff could have pursued this appeal and we conclude that it is frivolous.
 
 
 17
 We therefore conclude that an award of double costs is appropriate. Accordingly, this case is remanded to the district court for further proceedings.
 
 IV.
 
 18
 The judgment of the district court is AFFIRMED. This case is REMANDED for a hearing on the amount of double costs to which the defendants are entitled.
 
 
 
 [1]
 This standard of review is also applicable to all judgments granting motions to dismiss under Fed.R.Civ.P. 12(b)(6) whenever the district court has considered matters outside the pleadings to dismiss the suit. Friedman v. United States, 927 F.2d 259, 261 (6th Cir.1991). Here, the district court converted a motion to dismiss by the defendants into a motion for summary judgment
 
 
 [2]
 Also buried in the plaintiff's brief is a contention that the nonimmunized portions of the JOA are material to the plaintiff's loss of advertising revenue--but News Weekly utterly fails to explain how that is so, or, moreover, in what way the Sherman Act is thereby violated. It also continues to complain of the conduct that was immunized by the Attorney General, pointing to the plaintiff's price fixing of advertising rates and newspaper sales and their profit pooling as "providing an unfair advantage." It fails to make any argument, however, why this court should look at immunized aspects of the agreement. Plaintiff finally mentions the district court's disposition of its "predatory pricing" claim, to wit, its claim that it was forced to raise its price to fifty cents per paper. It does not actually argue that the district court's disposition was in error, however. Because of its failure to coherently and adequately develop these three arguments, we will not address these issues