989 F.2d 501
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Charles WARD, Plaintiff-Appellant,
v.
David HASKELL, Warden; Robert Brown, Jr.; Raj M. Wiener,
Defendants-Appellees.
 No. 92-1868.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1993.
 
 1
 Before KEITH and BATCHELDER, Circuit Judges, and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 Michael Charles Ward, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, Ward sued two former officials of the Michigan Department of Corrections and a former director of the Michigan Department of Public Health in their individual capacities. Ward alleged that the defendants violated his Eighth and Fourteenth Amendment due process and equal protection rights and conspired to violate federal RICO statutes by forcing him (while housed at the Chippewa Temporary Correctional Facility (KTF)) to drink contaminated water from wells containing trace amounts of trichloreothylene. Ward asserted that as a result of drinking this water, he developed a skin disorder and may suffer future medical problems.
 
 
 4
 A magistrate judge denied Ward's motion to amend his complaint and for further discovery and recommended granting the defendants' motion to dismiss, or in the alternative, for summary judgment. After de novo review in light of Ward's objections, the district court adopted the report and recommendation of the magistrate judge and granted the defendants' summary judgment motion.
 
 
 5
 On appeal, Ward continues to argue the merits of his case. He also argues that the district court applied the wrong standard of law when considering the defendants' motion for summary judgment and that the district court abused its discretion by staying Ward's request for discovery, pending a decision on the defendants' summary judgment motion. He has filed a motion for pauper status.
 
 
 6
 Upon review, we conclude that the district court applied the proper standard in ruling on the defendants' summary judgment motion. Because the district court had to consider matters outside the pleadings, it properly treated the defendants' motion as one for summary judgment rather than as a motion to dismiss. Friedman v. United States, 927 F.2d 259, 261 (6th Cir.1991). Summary judgment was proper in this case because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Ward's claims for injunctive relief are moot, as he is requesting relief from individuals who are no longer in office and do not have authority to compel the actions Ward requests. In addition, he has been transferred from KTF and is no longer subject to the conditions of which he complains. See McKinnon v. Talladega County, Ala., 745 F.2d 1360, 1363 (11th Cir.1984); Goar v. Civiletti, 688 F.2d 27, 29 (6th Cir.1982).
 
 
 7
 Furthermore, the district court did not abuse its discretion in granting the defendants' summary judgment motion while denying Ward's request for discovery. See Elvis Presley Enterprises, Inc. v. Elvisly Yours, Inc., 936 F.2d 889, 893 (6th Cir.1991).
 
 
 8
 Accordingly, we deny Ward's request for pauper status as moot, as he is already proceeding as a pauper, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation