991 F.2d 796
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeffrey SANDERS, Plaintiff-Appellant,
v.
Jerry HOFBAUER, Defendant-Appellee.
 No. 92-1337.
 United States Court of Appeals, Sixth Circuit.
 April 23, 1993.
 
 Before MARTIN, MILBURN and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jeffrey Sanders, a pro se Michigan resident formerly incarcerated in a Michigan state prison, appeals a district court order dismissing his complaint filed under 42 U.S.C. § 1983.
 
 
 2
 Seeking monetary relief, plaintiff sued Jerry Hofbauer, a deputy warden at the prison. Plaintiff's complaint alleged that in May 1991, defendant deprived him of ninety days of good time credits due to major misconduct (disobeying a direct order) without conducting a hearing as required by Michigan law. Plaintiff alleged that this deprivation violated his Fourteenth Amendment due process rights.
 
 
 3
 Defendant moved to dismiss the complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff then moved for summary judgment. The magistrate judge recommended dismissing the complaint. Upon review of the magistrate judge's report and recommendation in light of plaintiff's objections, the district court granted defendant's motion to dismiss and denied plaintiff's motion for summary judgment. Plaintiff's timely appeal followed.
 
 
 4
 Initially, we note that although the district court entered an order dismissing the case pursuant to Fed.R.Civ.P. 12(b)(6), it considered matters outside the pleadings. Therefore, we review the district court's judgment de novo under the summary judgment standard. See Bell v. Chesapeake & Ohio Ry. Co., 929 F.2d 220, 221-22 (6th Cir.1991) (per curiam); Friedman v. United States, 927 F.2d 259, 261 (6th Cir.1991). While we find the district court's analysis not fully adequate, we nevertheless affirm, since "[a]n appellate court can find an alternative basis for concluding that a party is entitled to summary judgment and ignore any erroneous basis relied upon by the district court, provided it proceeds carefully so the opposing party is not denied an opportunity to respond to the new theory." Hansard v. Barrett, 980 F.2d 1059, 1061 (6th Cir.1992) (quoting Hines v. Joy Mfg. Co., 850 F.2d 1146, 1150 (6th Cir.1988)).
 
 
 5
 In Wolff v. McDonnell, 418 U.S. 539, 557 (1974), the Supreme Court held that when a state creates a right to good time credits and provides for their forfeiture based upon major misconduct, "the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances." Accordingly, the Court held that an inmate is entitled to written notice of the charges against him and a hearing. Id. at 564.
 
 
 6
 In this case, plaintiff correctly asserted that Michigan law creates a right to a hearing before a prisoner's good time credits may be taken away. See Mich.Comp.Laws Ann. § 800.33(5); Mich.Admin.Code r. 791.3310, r. 791.5501. Despite the magistrate judge's characterization of plaintiff's claim as seeking a second hearing, there is nothing in the record to indicate that any hearing was held. Under these circumstances, a deprivation of plaintiff's good time credits clearly was not authorized by Michigan law. However, since plaintiff has neither pleaded nor proven that Michigan state procedures are inadequate to afford him relief, his claim must be dismissed under the doctrine of Parratt v. Taylor, 451 U.S. 527 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986), and Vicory v. Walton, 721 F.2d 1062 (6th Cir.1983), cert. denied, 469 U.S. 834 (1984). In Parratt, the Supreme Court held that where there has been an unauthorized deprivation of a property right without due process, a plaintiff bringing a § 1983 claim must allege that the state postdeprivation procedures are inadequate to remedy the deprivation. See id. at 543-44. The Supreme Court has since extended this principle to cases involving deprivations of liberty interests. See Zinermon v. Burch, 494 U.S. 113, 131-32 (1990). The law of this circuit is in accord. In Vicory, this circuit held that "in section 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." Vicory, 721 F.2d at 1066. See also Wells v. Brown, 891 F.2d 591, 592 n. 1 (6th Cir.1989) ("This Circuit ... has held ... that in § 1983 damage suits for deprivation of liberty without procedural due process, the plaintiff has the burden of pleading and proving the inadequacy of state damage remedies to redress the claimed wrong.")
 
 
 7
 Plaintiff failed to plead or otherwise argue to this court that his state remedies were inadequate. Although he is proceeding pro se, and we construe pro se pleadings more liberally than pleadings drafted by lawyers, plaintiff's failure to plead such a crucial element of his § 1983 claim cannot be overlooked.
 
 
 8
 The judgment of the district court is affirmed.