7 F.3d 232
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stanley BOSWELL, Plaintiff-Appellant,
v.
John W. HAWLEY; Robert Laforest, Defendants-Appellees.
 No. 92-2563.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1993.
 
 Before: KENNEDY and RYAN, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Stanley Boswell appeals a district court order dismissing his two civil rights actions filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Boswell sued two Michigan correctional personnel in federal court for allegedly violating his First Amendment and due process rights by refusing to order a single magazine for Boswell. Boswell sued the defendants in their individual capacity and sought monetary and declaratory relief. The magistrate judge recommended dismissing Boswell's claims in the second case as frivolous. Boswell then filed another suit in state court, raising the same claims. This case was removed to federal court. The magistrate judge recommended dismissing the claims as frivolous, for the reasons stated in his previous report. The cases were consolidated. Over Boswell's objections, the district court adopted the magistrate judge's reports and recommendations and dismissed the cases as frivolous. Boswell has filed a timely appeal.
 
 
 3
 Initially, we conclude that the district court abused its discretion in dismissing Boswell's claims as frivolous. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Despite incarceration, prisoners retain limited First Amendment rights to receive publications in the mail. See Thornburgh v. Abbott, 490 U.S. 401, 407 (1989). Therefore, Boswell's claims are not frivolous because they have an arguable basis in law and fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 4
 However, we affirm the district court's judgment for reasons other than those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990). We note that the defendants filed a motion to dismiss Boswell's claims pursuant to Fed.R.Civ.P. 12(b)(6). However, the motion is more properly viewed as one for summary judgment pursuant to Fed.R.Civ.P. 56(c), because review of the motion requires the consideration of matters outside the pleadings. See Friedman v. United States, 927 F.2d 259, 261 (6th Cir.1991). We further note that Boswell framed his response to the defendants' motion as his opposition to defendants' motion for summary judgment. Therefore, we conclude that Boswell was given a reasonable opportunity to present all material made relevant to a summary judgment motion.
 
 
 5
 Upon review, we conclude that the defendants are entitled to summary judgment. There is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). The operating policy at dispute in this case is reasonably related to legitimate penological interests. Thornburgh, 490 U.S. at 409.
 
 
 6
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.