**Andre M. DAVIS, Plaintiff,**

v.

**KENT STATE UNIVERSITY, et al., Defendants.**

No. 5:95 CV 0537.

United States District Court, N.D. Ohio, Eastern Division.

May 8, 1996.

 missioner,] with or without remanding the cause  for a rehearing."

Andre Davis, Pro Se.

Dennis P. Wilcox, and Joseph M. Hegedus, Climaco, Climaco, Seminatore, Lefkowitz & Garofoli, Cleveland, OH, for defendants.

## MEMORANDUM OF OPINION AND ORDER

NUGENT, District Judge.

This matter is before the Court upon Defendants' Motion to Dismiss (Doc. # 7) the Complaint of Plaintiff pursuant to FED. R.CIV.P. 12(b)(1) and 12(b)(6). Plaintiff has failed to respond or plead, in any manner, to Defendants' motion. The Court has reviewed all of the relevant filings made by the parties and, for the following reasons, Defendants' Motion to Dismiss (Doc. # 7) is **GRANTED.**

### I.

Mr. Davis, (hereinafter "Plaintiff") filed the present action on March 8, 1995. Plaintiff initially entered Kent State University as a member of its men's gymnastics team and was given an Athletic Grant–In–Aid from the

University. In his Complaint, Plaintiff brings suit against Kent State University (hereinafter "K.S.U.") and the coach of the K.S.U. men's gymnastics team, Jose Velez. (Compl. § 1, 6). The Plaintiff, a man of African–American descent, alleges that due to his race he suffered indignities, disparate treatment, loss of scholarship, suspension and demotion from the K.S.U. gymnastics team in violation of the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution well as 42 U.S.C. §§ 1981, 1983, 1985 and 1986. (Compl. §§ 1–23, 37–39). In addition, Plaintiff alleges several pendent state common law actions. (Compl. §§ 24–36). Plaintiff seeks permanent injunctive relief against the policies, practices and customs of Defendants' that purportedly deny student athletes due process and equal protection of the law in the reduction and suspension of the right to participate in Defendants' athletic programs and the receipt and retention of his Athletic Grant–In–Aid. (Compl. § 2).

### A.

This matter was originally assigned to the docket of Judge Sam H. Bell. On March 8, 1995, Judge Bell referred all non-dispositive motions to the direction of Magistrate Judge Patricia A. Hemann; Judge Bell maintained control over all other matters in the case. On May 30, 1995, Defendants filed their Motion to Dismiss the Complaint. Plaintiff never filed a responsive brief to Defendants' Motion to Dismiss. Thereafter, on July 18, 1995, pursuant to the protocol for the creation of a docket for newly appointed judges, this case was reassigned to the docket of Judge Donald C. Nugent.

On November 6, 1995, this Court granted the motion of Attorney James Alexander, Jr., to withdraw as Counsel for Plaintiff in view of the fact that Mr. Alexander was suspended from the practice of law by the Ohio Supreme Court. Mr. Alexander represented to the Court that he had informed the Plaintiff of his withdrawal and the necessity of obtaining new counsel. After notification was sent to all parties, this Court held a status conference on December 5, 1995. Only counsel for Defendants appeared. On February 15, 1996, Magistrate Judge Hemann terminated the referral order and transferred the entire matter back to this Court. Defendants' Motion to Dismiss has now been pending for nearly one year. In that time Plaintiff has not responded, by brief or otherwise, to Defendants' Motion.

### II.

Defendants' Motion to Dismiss is based upon both Fed.R.Civ.P. 12(b)(1) and 12(b)(6). In considering a "factual attack", such as the one brought by the Defendants pursuant to a Fed.R.Civ.P. 12(b)(1) motion challenging the court's subject matter jurisdiction based upon the facts as alleged in the pleadings, this court will not presume the allegations of fact in the complaint to be true. *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994). Rather, this court will weigh the conflicting evidence to determine whether the proper jurisdiction exists. *See, Cooley v. United States,* 791 F.Supp. 1294 (E.D.Tenn.1992); *Ohio Nat. Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990). In weighing the evidence, this court has broad discretion to consider affidavits, and documents as well as conduct a limited evidentiary hearing, if necessary, to resolve disputed jurisdictional facts. However, at all times, the plaintiff bears the burden of demonstrating that the Court has jurisdiction over the subject matter. *Ohio Nat'l,* supra, 922 F.2d at 324; *Friedman v. United States,* 927 F.2d 259, 261 (6th Cir.1991); *Moir v. Greater Cleveland Regional Transit Authority,* 895 F.2d 266, 269 (6th Cir.1990); *Gould, Inc. v. Pechiney Ugine Kuhlmann,* 853 F.2d 445, 451 (6th Cir.1988); *Rogers v. Stratton Industries, Inc.,* 798 F.2d 913, 915 (6th Cir. 1986).

On a motion brought for failure to state a claim under Fed.R.Civ.P. 12(b)(6), this court's inquiry is essentially limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See, Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808 (3rd Cir.1990). In evaluating a motion for dismissal under Rule 12(b)(6), the

district court must "consider the pleadings and affidavits in a light most favorable to the plaintiff." *Jones v. City of Carlisle, Ky.*, 3 F.3d 945, 947 (6th Cir.1993); quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir.1980), cert. denied, 450 U.S. 981, 101 S.Ct. 1517, 67 L.Ed.2d 816 (1981). However, although construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See, City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp 971, 975 (S.D.Ohio 1993).

■ This court will not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Nishiyama v. Dickson Cty.*, 814 F.2d 277, 279 (6th Cir.1987) (*en banc*). In deciding a FED.R.CIV.P. 12(b)(6) motion, this court must determine whether the plaintiff is entitled to offer evidence to support the claims made in its complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

### III.

In applying the foregoing standards to the present case this Court finds two equally compelling grounds upon which it can grant Defendants' Motion to Dismiss.

### A.

First, construing the merits related to Plaintiff's legal theories in a light most favorable to him this Court finds they are not well founded.

■ Plaintiff's complaint generally alleges, inter alia, Defendants violated his civil rights in violation of §§ 1981, 1983, 1985 and 2000d. As a preliminary matter, this Court must note that Plaintiff's purported violations of the First, Fourth, Fifth and Fourteenth Amendments are intertwined with Plaintiff's § 1983 allegations. § 1983 is merely a vehicle to redress other constitutional violations. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir.1990). (It creates no rights, other than a right of action for violation of constitu-

tional rights found elsewhere.) When § 1983 is relied upon, that statute is the exclusive remedy for the alleged Constitutional violations. *Thomas v. Shipka*, 818 F.2d 496 (6th Cir.1987).

### i.

■ Defendants' first argument set forth in their brief is that, pursuant to the Eleventh Amendment, Plaintiff's § 1983 cause of action is barred against K.S.U. and Coach Velez, in his official capacities. The Eleventh Amendment states as follows:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

In *Hall v. Medical College of Ohio at Toledo*, 742 F.2d 299, 301 (6th Cir.1984), cert. denied, 469 U.S. 1113, 105 S.Ct. 796, 83 L.Ed.2d 789 (1985), the Sixth Circuit, in an action brought by a dismissed medical student against the Toledo Medical College under 42 U.S.C. §§ 1981, 1983 and 2000d, held:

A suit by a private party which, for past acts or omissions, seeks to impose legal or equitable liability payable from state funds, is barred in a federal court by the Eleventh Amendment.

It is well settled that public colleges and universities are considered to be arms of their respective state governments and thus immune from suit. *Id.* Therefore, it is clear to this Court that Defendant K.S.U. is immune from the actions set forth by Plaintiff. Moreover, Defendant Coach Velez is immune from suit in his *official* capacity as it relates to Plaintiff's §§ 1981, 1983, 1985 and 1986 causes of action. *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890).

### ii.

■ In addition, this Court finds that Plaintiff's actions relating to Coach Velez in his *individual* capacity also fail as a matter of law. Within the confines of Plaintiff's complaint, Plaintiff refers to Coach Velez as the "agent of" K.S.U. Nowhere does the Plaintiff bring a cause of action against Coach Velez in his *individual* capacity. For

Eleventh Amendment purposes, the key consideration is the capacity in which the official is sued, not that in which he allegedly acts. *Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Therefore, this Court finds that Plaintiff's claims against Coach Velez in his *individual* capacity are also barred. *See, Graham v. NCAA, et al.,* 804 F.2d 953, 960 (6th Cir.1986).

iii.

▮ This Court notes that Plaintiff's complaint generally asks for permanent injunctive relief. In the present case, the K.S.U. men's gymnastics team no longer exists. In *Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983), the Supreme Court held that past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by continuing, present, adverse effects. Such is the circumstance of the present case. Therefore, this Court finds that injunctive relief is inappropriate in this manner. *See, Yost v. Bd. of Regents, Univ. of Maryland,* 1993 WL 524757, 1993 U.S.Dist. Lexis 17648 (D.Md. 1993).

iv.

▮ Finally, in deciding this case upon the merits presented this Court finds that Plaintiff's state law claims must also be dismissed. Under Ohio law, claimants who seek relief against the state and its employees must first file an action in the Ohio Court of Claims pursuant to OHIO REV.CODE ANN. § 2743.03(A)(1). Unless and until such action is filed and the Court of Claims makes such determination, an action against the employee is barred. *Haynes v. Marshall,* 887 F.2d 700, 705 (6th Cir.1989).[1]

B.

▮ The second ground upon which this Court grants Defendants' Motion to Dismiss is due to Plaintiff's failure to adequately advance his claim. Incumbent with the right to pursue a claim in court is the duty to prosecute that action. Plaintiff has failed this unmistakable duty. FED.R.CIV.P. 41(b) states as follows:

> (b) For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

In the matter presently before this Court, the Plaintiff has failed to act in any cognizable manner to prosecute his claim. As previously noted by this Court in the procedural history set forth in this opinion, prior to the withdrawal of Plaintiff's counsel on November 6, 1995 the present Motion to Dismiss had not been responded to by the Plaintiff or his representative. Moreover, more than four months have passed since the last status conference held by this Court. In the interim, neither the Plaintiff nor a representative has acted to further the prosecution of his claims. Due to this fact, the Motion to Dismiss still remains unanswered.

Accordingly, pursuant to FED.R.CIV.P. 41(b), this Court finds it appropriate to dismiss Plaintiff's action for failure to prosecute. This dismissal shall act as an adjudication of the matter upon the merits.

All costs to Plaintiff.

IT IS SO ORDERED.

*United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

---

1. In addition to the authority set forth in *Haynes,* this Court notes that Plaintiff's state law claims can also be dismissed in lieu of the fact that this Court has dismissed Plaintiff's other claims.