989 F.2d 499
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Delores GRANDBERRY; Carl Johnson; Gabriel Grandberry,
Plaintiffs-Appellants,
v.
MEMPHIS CITY POLICE DEPARTMENT; James Ivy; Sgt. O.
Anderson; Sgt. M. Wagner; Sgt. Lawrence Jamison,
Defendants-Appellees.
 No. 92-5751.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1993.
 
 Before MARTIN and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 The pro se plaintiffs appeal a district court judgment dismissing their civil rights action filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In their complaint and two amended complaints, the plaintiffs sued the City of Memphis, Tennessee, the Memphis Police Department, the former Director of the Memphis Police Department (Ivy), and several Memphis police officers (Anderson, Wagner and Jamison) seeking monetary relief. Plaintiffs alleged that the defendants violated their Fourth, Fifth and Fourteenth Amendment rights when they engaged in an unlawful search of plaintiff Delores Grandberry's home, when they falsely arrested plaintiffs Carl Johnson and Gabriel Grandberry and took $500 from the home during the unlawful search. Plaintiffs also alleged that the City of Memphis and its police department have a custom and policy of authorizing warrantless searches of homes in the City of Memphis.
 
 
 3
 The magistrate judge recommended granting summary judgment in favor of the defendant police officers. As to the remaining defendants, the magistrate judge recommended granting these defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). In the plaintiffs' objections to the magistrate judge's report, they did not raise their false arrest claim but reasserted their remaining claims. Upon de novo review in light of plaintiffs' objections, the district court essentially adopted the findings of the magistrate judge and dismissed plaintiffs' § 1983 lawsuit.
 
 
 4
 On appeal, the plaintiffs continue to argue the merits of their case including their false arrest claim. In addition, they argue that the district court did not rule on their various motions for discovery and sanctions, and also that the court did not take into account the affidavits filed by the plaintiffs.
 
 
 5
 Initially, it should be noted that the plaintiffs (Carl Johnson and Gabriel Grandberry) have waived appellate review of their false arrest claim against the defendants because they failed to object to this issue in their objections to the magistrate judge's report. Appellate review of any issue not contained in the objections to the magistrate judge's report is waived. See Thomas v. Arn, 479 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 400-01 (6th Cir.1991).
 
 
 6
 Upon review, we conclude that the district court properly dismissed the plaintiffs' § 1983 action against the City of Memphis, the Memphis Police Department and former Director Ivy for failure to state a claim, as even when the factual allegations of the complaint are accepted as true, it is clear that the plaintiffs could prove no set of facts which would entitle them to relief against these defendants. See Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990). Plaintiffs allegations are vague and conclusory and fail to state an adequate claim against the City of Memphis or the Memphis Police Department. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987); Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986).
 
 
 7
 The district court also properly dismissed the plaintiffs' lawsuit against defendant Ivy, the former director of the Memphis Police Department because the defendants did not allege, and the facts fail to show, that defendant Ivy was in any way responsible for, or involved in, the alleged unconstitutional search, arrest or taking of the money, nor did plaintiffs allege that defendant Ivy authorized, approved or knowingly acquiesced in the alleged unconstitutional conduct by the police officers. See Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989). In addition, liability solely under the theory of respondeat superior does not support § 1983 liability. See Monell v. New York Dep't of Social Servs., 436 U.S. 658, 692 (1978).
 
 
 8
 As to the plaintiffs' § 1983 lawsuit against the defendant police officers, because the district court had to consider matters outside the pleadings, it properly treated their motion to dismiss as one for summary judgment. See Friedman v. United States, 927 F.2d 259, 261 (6th Cir.1991). Nonetheless, the district court improperly granted summary judgment in favor of the defendant police officers on plaintiffs' Fourth Amendment unlawful search claim because there are genuine issues of material fact in dispute. Fed.R.Civ.P. 56(c); Celotex v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 9
 The district court found that because Delores Grandberry voluntarily consented to the search of her home, a warrant to search her home was not necessary. However, based on plaintiffs' sworn affidavits, a genuine issue of material fact is in dispute because they allege that consent to search the house was never given.
 
 
 10
 We affirm the district court's judgment dismissing the plaintiffs' § 1983 complaint without prejudice as to the City of Memphis. As to the Memphis City Police Department and defendant Ivy, we affirm the dismissal with prejudice. We reverse the district court's judgment in favor of the defendant police officers Anderson, Wagner, and Jamison. The district court should address the issue of the alleged taking of $500 from Delores Grandberry. Rule 9(b)(3), Rules of the Sixth Circuit.