Richard L. WINDSOR,
Plaintiff-Appellant,

v.

The UNITED STATES DEPARTMENT
OF JUSTICE; William Smith as Attorney General and Agency Head; William
P. Tyson; R. Joseph Sher, Defendants-Appellees.

No. 83–5037.

United States Court of Appeals,
Sixth Circuit.

Argued June 6, 1984.

Decided Aug. 2, 1984.

Robert L. Huskey, argued, Manchester, Tenn., for plaintiff-appellant.

Joe B. Brown, U.S. Atty., Nashville, Tenn., James C. Thomason, argued, Ann C. Robertson, U.S. Dept. of Justice, Torts Branch, Washington, D.C., for defendants-appellees.

Before MARTIN, Circuit Judge, CELEBREZZE, Senior Circuit Judge, and McRAE, Chief District Judge.[*]

PER CURIAM.

Richard Windsor, a former assistant United States Attorney, appeals the district court's dismissal of his complaint. The district court's dismissal was filed on October 29, 1982. On November 10, Windsor filed an untimely motion to reconsider.[1] This motion was denied on November 16, 1982. On December 27, Windsor filed a motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. This motion was denied on January 3, 1983. Finally, on January 14, 1983, Windsor filed a notice of appeal from these three orders.

On February 10, 1984, this court entered an order finding that Windsor's

---

[*] Honorable Robert M. McRae, Jr., Chief United States District Judge for the Western District of Tennessee, sitting by designation.

1. Windsor's motion to reconsider was untimely filed because it was not filed within ten days of the October 29 order of dismissal. *See* Rule 59(e) of the Fed.R.Civ.P.

motion for reconsideration was not timely served and did not toll the time for filing the notice of appeal. Our February 10 order was entered in response to Windsor's correctly noting that an earlier order of this court, entered on December 8, 1983, had incorrectly stated that Windsor's notice of appeal was untimely filed in this court. In fact, as we noted in our February 10 order, Windsor had sixty days to file his appeal, *see* Rule 4(a)(1) of the Federal Rules of Appellate Procedure, and the notice of appeal would have been timely filed if his motion for reconsideration had tolled the time for filing such notice. The fact remained, however, that Windsor's motion for reconsideration was not timely served and thus did not toll the time for filing the notice of appeal. Therefore, Windsor's appeal was dismissed insofar as it pertains to the district court's orders of October 29, 1982 (dismissal of the complaint) and November 16, 1982 (denial of motion to reconsider), leaving only jurisdiction to review the district court's January 3, 1983 order denying Windsor's motion for relief under Rule 60(b).

In his Rule 60(b) motion, Windsor argues his procedural rights were violated by alleged misrepresentations in the affidavits of the Deputy Attorney General and the Director of the Executive Office for United States Attorneys, the officials in charge of dismissing Windsor. According to Windsor, these officials falsely stated that certain Justice Department personnel regulations were in effect at his termination and that Windsor was not entitled to any procedural protection concerning his dismissal. The district court, however, rejected these claims and found that Windsor had no "protected rights as an assistant [United States Attorney] and could be fired at will."

In reviewing the denial of a Rule 60(b) motion, we are limited to determining whether the district court abused its discretion in denying the motion. Moreover, we may not consider the merits of the underlying judgment. *Browder v. Director, Dept. of Corrections of Illinois*, 434 U.S. 257,

263 n. 7, 98 S.Ct. 556, n. 7, 54 L.Ed.2d 521 (1978); *Peake v. First Nat. Bank and Trust Co. of Marquette*, 717 F.2d 1016, 1020 (6th Cir.1983); *Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir.), *cert. denied*, 454 U.S. 1084, 102 S.Ct. 641, 70 L.Ed.2d 619 (1981). Here, we find no abuse of discretion. As noted in an earlier appeal, Windsor possessed no property or liberty interest in his employment as an assistant United States Attorney. *Windsor v. The Tennessean*, 719 F.2d 155, 159 (6th Cir.1983). The Attorney General's authority to dismiss an assistant United States Attorney is unconditional. 28 U.S.C. § 542(b). This power is delegated to the Deputy Attorney General pursuant to 28 C.F.R. § 0.15(b)(3)(i). It is undisputed that Windsor was discharged as provided by these provisions. Therefore, the district court did not abuse its discretion in denying Windsor's motion for relief from judgment under Rule 60(b).

The judgment of the district court is affirmed.