785 F.2d 310
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHRYSANDRA REEVES, Plaintiff-Appellant,
v.
MARY MONSOUR, et al., Defendants-Appellees.
 85-1346
 United States Court of Appeals, Sixth Circuit.
 1/30/86
 
 ORDER
 BEFORE: KENNEDY, MILBURN and RYAN, Circuit Judges.
 
 
 1
 This matter is before the Court for consideration of this pro se appellant's motion for a transcript at government expense on appeal in this civil rights action brought pursuant to 42 U.S.C. Secs. 1981, 1983, 1985 and 1986.
 
 
 2
 These proceedings began on April 4, 1984, when appellant filed her complaint in which she alleged that the various defendants deprived her of her First, Eighth and Fourteenth Amendment rights by removing her children from her custody. She alleged that the defendants' actions were predicated on her membership in a religious organization comprised of black vegetarians; that such removal constituted cruel and unusual punishment and that she was not afforded a hearing at which she could rebut defendants' charges of neglect. The complaint, which sought injunctive relief and damages, was accompanied by a motion for a restraining order or preliminary injunction. The district court denied the motion and dismissed all the claims of the complaint that related to the care and custody of appellant's children. The order entered April 27, 1984, specifically noted that the Court retained jurisdiction over appellant's claims that she was the victim of an illegal search and seizure during the state's investigation of her.
 
 
 3
 On May 7, 1984, appellant filed a 'motion to vacate' the order of April 27, 1984, pursuant to Rule 59(e), Federal Rules of Civil Procedure. There is no certificate of service on the motion. After briefing and oral argument on the motion, the district court found that the motion had not been timely served as required by Rules 59 and 52, Federal Rules of Civil Procedure and denied the motion to vacate. This appeal followed.
 
 
 4
 Appellant's motion for Rule 59(e) relief was not served on any party; consequently it did not toll the time for filing a notice of appeal. Windsor v. United States Department of Justice, 740 F.2d 6 (6th Cir. 1984); Myers v. Ace Hardware, Inc, 777 F.2d 1099 (6th Cir. 1985). Therefore, this appeal should be dismissed since no timely notice of appeal from the April 27, 1984 order of partial dismissal has ever been filed.
 
 
 5
 Assuming arguendo that a timely notice of appeal had been filed from the order of April 27, 1984, the appeal would be jurisdictionally defective because that order is not a final, appealable order within the meaning of Gillis v. United States Department of Health and Human Services, 759 F.2d 565 (6th Cir. 1985). While the order of April 27, 1984, which denied injunctive relief may be immediately appealable under 28 USC Sec. 1292(a)(1), unless a litigant can show that such an order might have serious, perhaps irreparable consequences and that the order can be effectively challenged only by immediate appeal, an interlocutory appeal is precluded. Gillis, supra. Appellant herein has failed to meet the burden imposed by Gillis, supra. Therefore, it is ORDERED that this appeal be and hereby is dismissed and the motion for a transcript be denied as moot.