786 F.2d 1166
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LARRY J. SCHENCK, Plaintiff-Appellant,
v.
OFFICER M. SMITH, JAMIE HASLAM, and MRS. HENDERSON,
Defendants-Appellees.
 85-5981
 United States Court of Appeals, Sixth Circuit.
 2/12/86
 
 W.D.Ky.
 AFFIRMED
 ORDER
 BEFORE: KRUPANSKY and CUY, Circuit Judges and PECK, Senior Circuit Judge.
 
 
 1
 This matter is before the Court on appellant's motion for appointment of counsel on appeal from the district court's denial of appellant's motion for relief from summary judgment and dismissal of his complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and appellant's informal brief, this panel unanimously agrees that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant is an inmate at Luther Luckett Correctional Complex at LaGrange, Kentucky. He is apparently incarcertated as a result of charges of sexually abusing his son. On September 24, 1984, appellant tendered his Sec. 1983 complaint in which he contends that the appellees, a police officer of Jefferson County, Kntucky, a state employed social worker and the principal of the school at which appellant's six year old son was enrolled, violated an unnamed constitutional right secured to appellant by conducting an interview of appellant's son without appellant's permission concerning possible sexual abuse of his son by appellant. Appellant's amended complaint failed to state a cause of action and the district court granted appellees' motions for summary judgment and dismissed the case on November 30, 1984.
 
 
 3
 On September 10, 1985, appellant filed a document entitled 'Motion for Leave to File Supplemental Motion for Inclusion of Substantial Evidence and Change of One Defendant.' Contained therein is appellant's allegation that he had 'newly discovered evidence' that required reopening the case. That evidence was the testimony of Detective Mike Smith, an officer who testified against appellant at his trial on April 17 and 18, 1984, concerning the officer's purported customary practice of seeking parental permission to interview children suspected of being sexually abused. The district court construed the motion as one seeking relief pursuant to Rule 60(b)(2), Federal Rules of Civil Procedure, and determined that the evidence of the officer's testimony could not be newly discovered since appellant was present at his trial when the evidence was presented 6 months before he filed his Sec. 1983 complaint. The motion was denied and this appeal followed.
 
 
 4
 The standard of review of the denial of a 60(b) motion is abuse of discretion; the underlying judgment is not brought up for review. Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257 (1978); Windsor v. United States Department of Justice, 740 F.2d 6 (6th Cir. 1984); Peake v. First National Bank and Trust Company of Marquette, 717 F.2d 1016 (6th Cir. 1983). Appellant's motion apparently contemplated relief pursuant to 60(b)(2) since he contended that the 'newly discovered evidence' justified relief. The evidence--testimony of one of the police officers at appellant's trial--clearly is not newly discovered evidence within the meaning of Rule 60, Federal Rules of Civil Procedure, since the evidence was given in the presence of appellant at his trial seven months before the district court dismissed his complaint. While appellant may not have had the transcript of his trial available at the time he filed his Sec. 1983 complaint, he certainly knew the content of the testimony since appellant was present at his trial. It is difficult to conclude that the district court abused its discretion in denying the motion.
 
 
 5
 It appears that the questions upon which this cause depends are so unsubstantial as to not require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, It is ORDERED that the final judgment of the district court which denied appellant's motion made pursuant to Rule 60(b), Federal Rules of Civil Procedure be affirmed and the motion for appointment of counsel be denied.