848 F.2d 189
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arthur Lee CAMPBELL, Plaintiff-Appellant,
v.
CITY OF DETROIT; Detroit Police Dept.; James Finch;
Officer Barbara; Dwayne Thomas; Bobby Gary;
John Doe; Mary Doe, Defendants-Appellees.
 No. 87-2238.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1988.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The plaintiff appeals the district court's sua sponte dismissal of his civil rights action.
 
 
 2
 The district court's judgment dismissing the complaint was entered on December 10, 1987. On December 17, 1987, the plaintiff filed a motion to vacate the judgment and to amend the complaint. A motion served within ten days of entry of judgment can be properly construed as a time tolling Fed.R.Civ.P. 59(e) motion. Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665 (5th Cir.1986) (en banc), cert. denied, 107 S.Ct. 398 (1986). The district court record discloses that no defendant was ever served process. Thus, no defendant party was before the court. Cf. Loman Dev. Co. v. Dayton Hotel & Motel Suppliers, Inc., 817 F.2d 1533 (11th Cir.1987). Consequently, the motion filed in the district court within the ten day period following entry of judgment tolled the appeals period. See Windsor v. United States Dep't of Justice, 740 F.2d 6 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016 (6th Cir.1983). The record reflects that the district court had not ruled upon plaintiff's motion at the time the notice of appeal was filed.
 
 
 3
 Because the Fed.R.Civ.P. 59(e) motion tolled the appeals period, the plaintiff's notice of appeal filed December 21, 1987, was premature. Fed.R.App.P. 4(a)(4) provides that a notice of appeal filed before the disposition of a timely Fed.R.Civ.P. 59(e) motion shall have no effect.
 
 
 4
 Therefore, this court lacks jurisdiction to review this appeal. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982); Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978).
 
 
 5
 Accordingly, it is ORDERED that this appeal be dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.