944 F.2d 906
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ricky WILSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-3350.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1991.
 
 1
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 Ricky Wilson, a pro se federal prisoner, appeals the district court's order denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 3
 In April 1990, Wilson pled guilty, pursuant to a Fed.R.Crim.P. 11 plea agreement, to one count of armed bank robbery in violation of 18 U.S.C. § 2113(a). He was sentenced to 240 months incarceration. Following an unsuccessful direct appeal, Wilson filed his motion to vacate sentence. He asserted: (1) that his guilty plea was unlawful and not voluntary because his counsel was ineffective at the time he entered his guilty plea; (2) that his conviction was obtained by use of a coerced confession; (3) that his conviction was obtained by use of an unlawful arrest; (4) that he was denied his right to appeal because his counsel did not appeal certain issues when asked to do so; and (5) that he was mentally defective at the time of his court proceedings.
 
 
 4
 After a review, the district court denied the § 2255 motion, finding (1) that Wilson had not shown that his counsel was ineffective at the time of his guilty plea; (2) that his guilty plea was not involuntary, and not procured by coercion; (3) that Wilson had failed to show that he was improperly arrested or that his counsel was ineffective in investigating his claim of ineffective arrest; (4) that Wilson was not denied his right to appeal because he did, in fact, file a direct appeal; and (5) that the record did not show that Wilson lacked the requisite mental capacity at the time of his guilty plea. Following the denial of his post-judgment motion for reconsideration, Wilson filed a timely appeal to this court. In addition, Wilson has filed a separate motion seeking the appointment of counsel on appeal.
 
 
 5
 Upon review, we conclude that the district court properly denied Wilson's § 2255 motion, because the files and record conclusively show that the he is not entitled to relief. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986). Further, the district court did not abuse its discretion in denying Wilson's post-judgment motion for relief. See Windsor v. United States Dep't of Justice, 740 F.2d 6, 7 (6th Cir.1984) (per curiam).
 
 
 6
 Accordingly, the motion for counsel is hereby denied, and the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation