966 F.2d 1453
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MARIETTA FRANKLIN SECURITIES COMPANY, Plaintiff-Appellant,
v.
Larry MULDOON, District Director of the Office of Thrift
Supervision, Defendant-Appellee,
Pioneer Savings & Loan Company, Defendant.
 No. 91-3930.
 United States Court of Appeals, Sixth Circuit.
 July 2, 1992.
 
 Before KENNEDY and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Pursuant to 12 U.S.C. § 1464(d)(2)(C), the Director of the Office of Thrift Supervision is authorized to appoint a receiver for an insured state savings association. In the event of such an appointment, "the association" may bring an action in the district court seeking to remove the receiver. 12 U.S.C. § 1464(d)(2)(E). In the cause before us, the action was brought by just such an association, Pioneer Savings & Loan Company. Marietta Franklin Securities Company was also listed as a plaintiff, apparently on the basis that it owned Pioneer. The district court refused to remove the receiver and dismissed the case.
 
 
 2
 The notice of appeal from this order was captioned "Marietta Franklin Securities Co., Plaintiffs vs. Larry Muldoon, Director of the Office of Thrift Supervision, Defendants," and the body of the notice read: "Notice is hereby given that Plaintiff appeals to the United States Court of Appeals for the Sixth Circuit from the Judgment entered in this action on July 25, 1991." Counsel signing the notice was identified as "Attorney for Plaintiff-Appellant." Nowhere was Pioneer specified as a party taking the appeal as required by Fed.R.App.P. 3(c). As the notice clearly fails to comply with the rule and applicable case law, Pioneer is not before this court as a party appealing an adverse judgment. Minority Employees v. Tennessee Dep't of Employment Sec., 901 F.2d 1327 (6th Cir.1990) (en banc).
 
 
 3
 In the caption of the notice of appeal, Marietta Franklin Securities, Co., was specified as a party purporting to take an appeal. However, the receiver was appointed for Pioneer, not Marietta Franklin, and as "the association" subject to the appointment of the receiver, Pioneer was the entity authorized by Congress to seek review in the federal district court of the Director's conduct in appointing the receiver. 12 U.S.C. § 1464(d)(2)(E). Necessarily, then, the district court's order denied relief to Pioneer, not to Marietta Franklin, and Pioneer was the only party aggrieved by the judgment and in a position to appeal.
 
 
 4
 Because Pioneer has not appealed the order of the district court, and it cannot be appealed by Marietta Franklin, we are without jurisdiction to consider the issues raised in Marietta Franklin's brief.
 
 
 5
 Accordingly, the appeal is dismissed sua sponte.