979 F.2d 850
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond JACKSON, Petitioner-Appellant,
v.
Terry PITCHER, Warden, Respondent-Appellee.
 No. 92-1575.
 United States Court of Appeals, Sixth Circuit.
 Nov. 12, 1992.
 
 Before KEITH and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Raymond Jackson is a pro se Michigan prisoner who appeals the district court's order which denied his motion for relief from judgment subsequent to the denial of his habeas corpus petition filed under 28 U.S.C. § 2254. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In 1986, a jury convicted Jackson of assault and of possessing a firearm during the commission of a felony. In his current petition, Jackson claimed that his trial and appellate counsel were ineffective because they did not pursue arguments regarding possible violations of the Interstate Agreement on Detainers on his behalf. The district court dismissed the petition as an abuse of the writ and also because Jackson had not exhausted the remedies that were available to him in state court, as required by 28 U.S.C. § 2254(b). On April 29, 1992, the court denied Jackson's motion for relief from judgment under Fed.R.Civ.P. 60(b)(1). It is from this order that Jackson now appeals.
 
 
 3
 The denial of a Rule 60(b) motion is reviewed for an abuse of discretion on appeal, and it does not subject the underlying judgment to appellate review. Windsor v. United States Dep't of Justice, 740 F.2d 6, 7 (6th Cir.1984). We conclude that the district court did not abuse its discretion here because Jackson has not shown that the dismissal of his petition resulted from "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1).
 
 
 4
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.