30 F.3d 134
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MARIETTA FRANKLIN SECURITIES CO.; Pioneer Savings and Loan
Co., Plaintiffs-Appellants,
v.
Larry MULDOON, District Director of the Office of Thrift
Supervision, Defendant-Appellee.
 No. 93-3432.
 United States Court of Appeals, Sixth Circuit.
 Aug. 1, 1994.
 
 Before: KEITH, NORRIS, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs-Appellants Marietta Franklin Securities Co. ("Marietta") and Pioneer Savings & Loan Co. ("Pioneer") appeal the district court's dismissal of their motions to vacate judgment pursuant to Fed.R.Civ.P. 60(b)(4) and b(6). Because Pioneer and Marietta failed to present a proper basis warranting Rule 60(b) relief, we AFFIRM the district court's denial of the motions.
 
 I. Statement of the Facts
 
 2
 On June 29, 1990, OTS determined a statutory ground, under 12 U.S.C. Sec. 1464(d)(2)(C)(iii),[1] existed for the appointment of a receiver for Pioneer.[2] Accordingly, OTS named Resolution Trust Co. ("RTC") as receiver for Pioneer expressly contingent upon the state regulator providing written approval of the appointment as required by 12 U.S.C. Sec. 1464(d)(2)(D). The same day, the Ohio thrift regulator provided written approval. OTS exercised its appointment power later that morning and delivered receivership papers to Pioneer.
 
 
 3
 On July 30, 1990, Pioneer and Marietta, its parent holding company, filed suit in the district court to remove the receiver pursuant to 12 U.S.C. Sec. 1464(d)(2)(E). OTS subsequently filed a motion for summary judgment. The district court granted OTS' motion for summary judgment and dismissed the case.
 
 
 4
 Marietta filed a timely notice of appeal arguing the receivership was defective because the Ohio regulator had not given written approval for the appointment. On July 2, 1992, however, this court sua sponte dismissed Marietta's appeal for lack of jurisdiction. Marietta Franklin Securities Co. v. Muldoon, 972 F.2d 128 (6th Cir.1992). Recognizing 12 U.S.C. Sec. 1464(d)(2)(E) authorizes only the savings association for which a receiver has been appointed to challenge the appointment, and observing that Pioneer had not appealed, this court held that Marietta, as owner of Pioneer, lacked standing to pursue the appeal.[3] Id. at 129. On August 20, 1992, this court denied Marietta's petition for rehearing and suggestion of rehearing en banc.
 
 
 5
 On November 13, 1992, Marietta and Pioneer filed a motion to set aside the judgment. The district court denied the motion and this timely appeal followed.
 
 II. Discussion
 
 6
 Despite Pioneer's assertions to the contrary, no grounds warranting Rule 60(b) relief exist. Indeed, Pioneer attempts to relitigate the merits of its failed initial appeal by seeking review of the denial of its Rule 60(b) motions. Our review of Rule 60(b) rulings, however, does not permit review of the merits of the underlying judgment. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); see also Union Oil Co. v. Service Oil Co., 766 F.2d 224, 227 (6th Cir.1985).
 
 
 7
 Pioneer argues the district court abused its discretion by denying its motion. Pioneer specifically contends the judgment affirming OTS' appointment of a receiver is void because:
 
 
 8
 (1) the receiver was appointed without a pre- or post-deprivation hearing in violation of its due process rights; and
 
 
 9
 (2) the district court lacked jurisdiction because the administrative record before the court lacked the written approval of the state regulator for the appointment as required by 12 U.S.C. Sec. 1464(d)(2)(D).
 
 
 10
 According to Pioneer, because the judgment is void, the district court abused its discretion by failing to grant its Rule 60(b)(4) and (b)(6) motions. We disagree for the following reasons.
 
 
 11
 A. Standard of Review for Rule 60(b) Motions
 
 
 12
 We review a district court's ruling on a motion to vacate judgment pursuant to Rule 60(b)(4) and (b)(6) for an abuse of discretion. Windsor v. United States Dep't of Justice, 740 F.2d 6, 7 (6th Cir.1984); United States Boch Oldsmobile, Inc., 909 F.2d 657, 660 (1st Cir.1990). We may find an abuse of discretion only when we have "a definite and firm conviction that the trial court committed a clear error of judgment," Davis v. Jellico Community Hosp., Inc., 912 F.2d 129, 133 (6th Cir.1990), and our inquiry is confined to whether the circumstances clearly show the district court acted unjustifiably. NLRB v. Guernsey-Muskingum Electric Co-operative, Inc., 285 F.2d 8, 11 (6th Cir.1960).
 
 B. Rule 60(b)(4)
 
 13
 Pursuant to Rule 60(b)(4), we may vacate a judgment only if the court acted in a manner inconsistent with due process of law or lacked jurisdiction. 11 C. Wright A. Miller, Federal Practice and Procedure Sec. 2862 at 198-200 (1973); see Allstate Insurance Co. v. Michigan Carpenters' Council Health & Welfare Fund, 760 F.Supp. 665, 668 (W.D.Mich.1991), In re Center Wholesale, Inc., 759 F.2d 1440, 1448 (9th Cir.1985).
 
 
 14
 a. No Due Process violation occurred.
 
 
 15
 Pioneer asserts the district court's failure to conduct a pre- or post-deprivation hearing prior to granting OTS' motion for summary judgment violated their due process rights. The record shows, however, the district court gave Pioneer a post-deprivation hearing and utilized a more generous scope of review than required. Pioneer's argument fails for the following reasons.
 
 
 16
 First, in First Federal Savings Bank & Trust v. Ryan, this court expressly held that the denial of a pre-appointment hearing, a pre-deprivation hearing, does not violate the Due Process Clause. 927 F.2d 1345, 1357 (6th Cir.), cert. denied, 112 S.Ct. 370 (1991).
 
 
 17
 Next, Section 1464(d)(6)(A) provides, in pertinent part:
 
 
 18
 In the event * * * [a receiver is appointed], the association may, within thirty days thereafter, bring an action in the United States district court for the judicial district in which the home office is located * * * for an order requiring the Board to remove such * * * receiver, and the court shall upon the merits dismiss such action or direct the Board to remove such * * * receiver.
 
 
 19
 12 U.S.C. Sec. 1464(d)(6)(A). Because this section provides for judicial review "without setting forth the standards to be used or the procedures to be followed, the [Supreme] Court has held that consideration is to be confined to the administrative record and that no de novo proceeding may be held." United States v. Carlo Bianchi & Co., 373 U.S. 709, 715 (1963). Although this circuit has never addressed this precise issue, three circuits agree that the scope of review is confined to the administrative record and the standard of review is arbitrary and capricious. Guaranty Savings & Loan Assoc. v. Federal Home Loan Bank Brd., 794 F.2d 1339, 1341-42 (8th Cir.1986); Woods v. Federal Home Loan Bank Brd., 826 F.2d 1400, 1406-07 (5th Cir.1987), cert. denied, 485 U.S. 959 (1988); Franklin Savings Assoc. v. Director, Office of Thrift Supervision, 934 F.2d 1127, 1138-41 (10th Cir.1991), cert. denied, 112 S.Ct. 1475 (1992). We agree.
 
 
 20
 Here, the district court provided Pioneer with more process than it was due by allowing Pioneer to admit evidence that was not included in the administrative record. Thus, no due process violation occurred.
 
 
 21
 b. The district court did not lack jurisdiction.
 
 
 22
 Pioneer argues because the administrative record did not include the statutorily required, written approval of the state regulator for the appointment, OTS acted without authority and the district court lacked jurisdiction over the appointment. Consequently, according to Pioneer, the district court should have vacated its prior judgment. This argument lacks merit.
 
 
 23
 Where a district court had jurisdiction over the class of case involved, a legal or factual error will not void its judgment. 7 J. Moore, Moore's Federal Practice Sec. 60.25, at 60-228--60-230 (2d ed. 1992); see also Swift & Co. v. United States, 276 U.S. 311, 330 (1928) (stating "if the court had jurisdiction of the subject matter and of the parties ... even gross error in the decree would not render it void"); Olle v. Henry & Wright Corp., 910 F.2d 357, 364 (6th Cir.1990) (holding "the judgment in question was a valid exercise of the jurisdictional authority by the bankruptcy court, although it may have been in error.")
 
 
 24
 Section 1464(d)(2)(E) conferred jurisdiction upon the district court to review the merits of OTS' appointment of a receiver and either to dismiss the challenge as meritless or to require the removal of the receiver.
 
 
 25
 Although the statute merely provides OTS may not appoint a receiver "without the written approval of the state official ...," 12 U.S.C. Sec. 1464(d)(2)(D)(i), the statute does not dictate what the administrative record should contain, and no cases address this issue. As stated above, however, our sister circuits have recognized that the scope of review is limited to an examination of the administrative record to determine whether such appointment was arbitrary and capricious.
 
 
 26
 Here, the Ohio regulator faxed OTS a copy of its written approval on the same day OTS appointed a receiver. In fact, OTS received the fax prior to its delivery of appointment papers to Pioneer. Thus, no violation of the statute occurred.
 
 
 27
 Although the record before the district court did not contain a copy of the Ohio regulator's approval, at most, the failure to include it is legal error. Legal error, however, does not void a judgment where subject matter jurisdiction was proper. Consequently, the district court properly denied Pioneer's Rule 60(b)(4) motion.
 
 C. Rule 60(b)(6)
 
 28
 Rule 60(b)(6) authorizes a district court to vacate its judgment for "any other reason justifying relief from operation of judgment." Fed.R.Civ.P. 60(b)(6). We have held, however, that Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of [Rule 60(b) ]." Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989) (citing Pierce v. United Mine Workers, 770 F.2d 449, 451 (6th Cir.1985), cert. denied, 474 U.S. 1104 (1986). A trial court's discretion in ruling on a Rule 60(b)(6) motion is broad given the underlying equitable principles involved. Hopper, 867 F.2d at 294.
 
 
 29
 Where the movant fails to appeal the judgment or raise the arguments earlier in the case, a district court does not abuse its discretion by denying the motion. See Pierce, 770 F.2d at 451-52; Whiteleather v. United States, 264 F.2d 861, 863 (6th Cir.1959); see also Federal's Inc. v. Edmonton Investment Co., 555 F.2d 577, 583 (6th Cir.1977); Huddleston v. McComas, 277 F.2d 677, 678 (6th Cir.1960).
 
 
 30
 Here, Pioneer never challenged the contents of the administrative record before the district court. Pioneer raised this argument for the first time within its Rule 60(b) motions. We, therefore, find the district court did not abuse its discretion by denying Pioneer's Rule 60(b)(6) motion. Additionally, despite Pioneer's assertions to the contrary, no extraordinary circumstances warrant setting aside the judgment.[4]
 
 III. Conclusion
 
 31
 Because Pioneer failed to provide a proper basis warranting Rule 60(b) relief, we AFFIRM the order of the Honorable George C. Smith, United States District Judge for the Southern District of Ohio, denying Rule 60(b) relief.
 
 
 
 [1]
 Congress amended 12 U.S.C. Sec. 1464(d)(2)(C), (D), and (E) in 1991. These changes, however, do not affect the merits of this appeal. We, therefore, cite to the pre-amended version of 12 U.S.C. Sec. 1464(d)(2)(C), (D), and (E) for consistency
 
 
 [2]
 Pursuant to 12 U.S.C. Sec. 1464(d)(2)(C), the Director of the Office of Thrift Supervision ("OTS") may appoint a receiver for an insured state savings association. In the event of such an appointment, the association may bring an action in the district court to remove the receiver. 12 U.S.C. Sec. 1464(d)(2)(E)
 
 
 [3]
 The OTS urges this court to dismiss this appeal on the same basis. In the instant appeal unlike the former appeal, Pioneer as well as Marietta appealed the district court's denial of its Rule 60(b) motions. This court, therefore, rejects OTS' argument
 
 
 [4]
 Pioneer argues the district court failed to clearly render judgment. This argument is meritless. This court held in its sua sponte dismissal of the earlier appeal by Marietta that "Pioneer was the only party aggrieved by judgment." Marietta, 972 F.2d at 129