34 F.3d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eugene ALWAY, Plaintiff-Appellant,
v.
TOYOTA MOTOR MANUFACTURING, U.S.A., INC., Defendant-Appellee.
 No. 94-5155.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1994.
 
 Before: GUY and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Eugene Alway, pro se, appeals a district court order granting the defendant's motion to dismiss his complaint which was filed pursuant to the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. Secs. 621-634, and under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. Sec. 201 et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Alway sued Toyota Motor Manufacturing (Toyota) on the basis that the defendant failed to hire him because of his age. In his complaint, Alway makes a general allegation that, from May of 1988 to the present, Toyota violated, and is continuing to violate, the ADEA and the FLSA "by discriminating against certain individuals between the age of forty and sixty-five with respect to compensation, terms, conditions, and privileges of employment because of such person's age," and by depriving such individuals "of employment opportunities ... because of such individual's age." Alway presents no other specific facts relating to his own situation or describing how Toyota has discriminated against him based on his age.
 
 
 3
 Toyota filed a motion to dismiss or, in the alternative, motion for summary judgment, which was granted by the district court. The district court relied on the defendant's arguments to dismiss the complaint, specifically: 1) the suit is time barred; 2) Alway relied on the wrong federal statute as the basis for his suit; 3) the complaint did not meet minimal pleading requirements; 4) service was improper; and 5) Alway did not have standing to sue on the behalf of others.
 
 
 4
 On appeal, Alway acknowledges that the district court was required to decide the case in favor of the defendant "at this time," because Toyota's arguments "prevailed" over his own. However, Alway continues to argue that the court erred by relying on "wrongful evidence" as presented to the EEOC and as summarized in the EEOC in its determination. Specifically, Alway argues that Toyota acted in bad faith by presenting faulty statistics on the number of persons over forty that Toyota had hired during the years 1990 and 1991. The defendant has filed a motion to strike the exhibits attached to Alway's appellate brief.
 
 
 5
 This court will construe the district court order as one granting the defendant's motion for summary judgment, because the district court considered matters outside the pleadings to dismiss the suit. Fugarino v. Hartford Life & Accident Ins. Co., 969 F.2d 178, 182 (6th Cir.1992), cert. denied, 113 S.Ct. 1401 (1993); Friedman v. United States, 927 F.2d 259, 261 (6th Cir.1991). This court's review of a grant of summary judgment is de novo, using the same test as used by the district court. Deaton v. Montgomery County, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir.1993).
 
 
 6
 First, the district court properly concluded that Alway's argument based on the FLSA is without merit. Alway has explained that he incorporated the provisions of the FLSA to protect employees of Toyota who may testify or give a deposition on his behalf during discovery. However, Alway cannot represent an unnamed party's interest, such as other unnamed employees of Toyota, because it is not evident from the record that these unnamed parties were aggrieved by the district court's judgment, and the federal court had no jurisdiction to consider these other parties' claims, because the class was not certified under Fed.R.Civ.P. 23. Marietta Franklin Sec. Co. v. Muldoon, 972 F.2d 128, 129 (6th Cir.1992) (per curiam).
 
 
 7
 Although the district court's reliance on the defendant's argument that the suit is time-barred may have been in error, the allegations contained in Alway's complaint are without merit, so that his complaint nevertheless fails. The evidentiary framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), and in Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 258 (1981), is applicable to claims filed under the ADEA. Mitchell v. Toledo Hosp., 964 F.2d 577, 582 (6th Cir.1992). The burden is on an employment discrimination plaintiff to establish a prima facie case of discrimination. McDonnell Douglas, 411 U.S. at 802; Mitchell, 964 F.2d at 582. Although Alway has established that he is a member of a "protected class," he has failed to present evidence that he is or was qualified for the positions for which he applied at Toyota. See Wooden v. Board of Educ., 931 F.2d 376, 378 (6th Cir.1991). Alway cannot create a genuine issue of material fact by simply presenting dated material and accompanying statistics showing the percentage of Toyota's work-force that comprised members of the protected class hired in 1990 and 1991. Wards Cove Packing Co. v. Atonio, 490 U.S. 642, 654 (1989). Moreover, this court may not consider the evidence attached to Alway's appellate brief because this information was not first submitted to the district court or made part of the record below. Sixth Circuit Rule 11(f); Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). His "mere conclusory allegations" of discrimination are not sufficient to withstand the defendant's motion for summary judgment. See McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir.1990).
 
 
 8
 Accordingly, the defendant's motion to strike is granted and the district court order granting the defendant's motion is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.