Leon PERCIVAL, Plaintiff–Appellant,

Anthony Garvins, Plaintiff,

v.

Kenneth L. MCGINNIS, Director, Mdoc, in his official capacity; G. Gilkie, Unit Case Manager at I–Max, in his individual and official capacities, Defendants–Appellees.

No. 99–2260.

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2001.

---

Before BOGGS, DAUGHTREY, and FARRIS,* Circuit Judges.

*ORDER*

Leon Percival appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Percival and another prisoner, Anthony Garvins, sued the director of the Michigan Department of Corrections and a case manager at the Ionia Maximum Correctional Facility, alleging that the defendants violated their First Amendment, Eighth Amendment, and equal protection rights when the defendants restricted their access to certain publications. The district court concluded that the plaintiffs' claims were without merit and granted summary judgment for the defendants; the court also denied a motion to amend the complaint filed by the plaintiffs. Only Percival filed an appeal from this decision. Percival subsequently filed a motion for relief from judgment under Fed.R.Civ.P. 60(b), but the district court concluded that it lacked jurisdiction to consider the motion because of the pending appeal.

■ We initially note that the plaintiffs properly raised only one claim in their original complaint. The plaintiffs alleged that the defendants improperly restricted their access to several publications and books dealing with African–American subject matter. However, attached to their complaint, the plaintiffs only submitted one administrative grievance, which reflected that Garvins had been denied access to one copy of *Vibe* magazine. Under § 1997e(a), a prisoner must exhaust all of his available administrative remedies before filing a § 1983 action in federal court, *Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998), and the prisoner has the burden of demonstrating that he has exhausted these remedies. *Id.* at 1104. Before the district court adjudicates any claim set forth in the plaintiff's complaint, the court must determine that the plaintiff has complied with this exhaustion requirement. *Id.* Although money damages may not be available through the prison grievance process, a prisoner must still exhaust these state remedies because the prison has an administrative system that will review his complaints. *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001). Section 1997e(a) requires a prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. *Freeman v. Francis,* 196 F.3d 641, 645

---

* The Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

(6th Cir.1999). A prisoner must exhaust his remedies as to all claims arising from his confinement, including excessive force, equal protection, and other constitutional claims. *Curry v. Scott,* 249 F.3d 493, 503–04 (6th Cir.2001); *Hartsfield v. Vidor,* 199 F.3d 305, 308 (6th Cir.1999); *Freeman,* 196 F.3d at 643–44. A prisoner can not "abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield,* 199 F.3d at 309. To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims or describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.), *cert. denied,* 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Id.* Since the plaintiffs in this case presented evidence that they only pursued one of their claims through the administrative review process, this claim was the only issue properly raised in the original complaint, and the remaining claims are properly dismissed as unexhausted. *Hartsfield,* 199 F.3d at 309.

■ Further, Percival lacks standing to challenge the district court's grant of summary judgment for the defendants on this issue. Garvins was the only party aggrieved by the denial of his access to the *Vibe* magazine, but he did not appeal the district court's dismissal of his claim. Since Percival was not aggrieved by the action of the defendants for this claim, he lacks standing to challenge the district court's conclusion that the defendants' conduct did not violate Garvin's constitutional rights. *Marietta Franklin Secs. Co. v. Muldoon,* 972 F.2d 128, 129 (6th Cir.1992).

■ The district court also properly denied Percival's motion to amend his complaint. While this court generally reviews a district court's denial of a motion to amend for an abuse of discretion, the court reviews de novo the district court's legal conclusion that the proposed amendment would be futile. *Hahn v. Star Bank,* 190 F.3d 708, 715–16 (6th Cir.1999), *cert. denied,* 529 U.S. 1020, 120 S.Ct. 1423, 146 L.Ed.2d 314 (2000). In his proposed amended complaint, Percival sought to add several new defendants and alleged a variety of unconstitutional conduct on their part. However, many of these allegations involved actions taken against other prisoners and, since he was not the aggrieved party, Percival lacked standing to bring these claims. *See Adult Video Ass'n v. U.S. Dep't of Justice,* 71 F.3d 563, 565 (6th Cir.1995). The only alleged claims that affected Percival personally were his placement in a cold cell and the denial of his access to a book.

As to his cold-cell claim, Percival did not present any evidence with the motion to amend that he had exhausted his administrative remedies for this claim. Consequently, the district court declined to consider the claim. In his Rule 60(b) motion, filed after his notice of appeal, Percival presented evidence that he had pursued this claim administratively. However, the district court properly declined to consider this motion because Percival's notice of appeal had divested the court of jurisdiction. *Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dep't of Natural Res.,* 71 F.3d 1197, 1203 (6th Cir.1995). Therefore, Percival never met his burden of demonstrating in the district court that he had exhausted his administrative remedies for this claim. *Brown,* 139 F.3d at 1104.

■ As to Percival's claim that the defendants improperly denied him access to a book, the district court properly concluded that amending the complaint would be futile because the claim was meritless. Percival ordered a book entitled *Get the Facts on Anyone* from the Loompanics Unlimited catalog; however, when the book arrived at the prison, officials denied him access to the book because Loompanics was not an authorized vendor from which to order books and publications. It is well established that prison officials may limit prisoner's receipt of publications to authorized vendors. *Skelton v. Pri–Cor, Inc.,* 963 F.2d 100, 103–04 (6th Cir.1991); *Ward v. Washtenaw County Sheriff's Dep't,* 881 F.2d 325, 329–30 (6th Cir.1989). Further, the book at issue provided instructions on obtaining confidential information about individuals. The prison security concerns posed by such a book are obvious and, therefore, the prison officials' denial of the book was reasonably related to legitimate penological interests. *Thornburgh v. Abbott,* 490 U.S. 401, 414–19, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989); *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); *Sheets v. Moore,* 97 F.3d 164, 166 (6th Cir.1996).

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.