The Honorable Richard D. Gregorie Assistant United States Attorney Southern District of Florida 99 Northeast 4th Street, Suite 700 Miami, Florida 33132
Dear Mr. Gregorie:
You have asked for my opinion on substantially the following question:
Is an Assistant United States Attorney an officer for purposes of the dual officeholding prohibition contained in Article II, section 5(a), Florida Constitution?
In sum:
An Assistant United States Attorney is not an officer for purposes of the constitutional prohibition in Article II, section 5(a), Florida Constitution.
You have advised this office that you are currently an Assistant United States Attorney in the Southern District of Florida. In addition, you are a candidate for Mayor of Key Biscayne, Florida. In order to avoid a potential violation of the dual officeholding prohibition in the Florida Constitution, you have asked for an opinion determining whether an Assistant United States Attorney is an officer for purposes of Article II, section 5(a), Florida Statutes.
Article II, section 5(a), Florida Constitution, provides:
"No person holding any office of emolument under any foreign government, or civil office of emolument under the United States or any other state, shall hold any office of honor or of emolument under the government of this state. No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers."
This office has on numerous occasions issued opinions dealing with the second sentence of the provision cited above which prohibits a person from serving in more than one state, county, or municipal office simultaneously. The prohibition applies to both elected and appointed offices.[1]
However, your situation requires an examination of the first sentence of Article II, section 5, Florida Constitution, which provides that no person may hold "any. . . civil office of emolument under the United States" from simultaneously holding "any office of honor or of emolument under the government of this state." Thus, you have asked whether your position as Assistant United States Attorney is a civil office of emolument within the scope of the constitutional provision.
The term "office" is not defined by the Constitution, although the Supreme Court of Florida has stated that the term "implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office . . . ."[2] Thus, in determining whether a particular position is an employment or office, careful consideration must be given to the powers and responsibilities imposed upon that position by statute, charter or ordinance.
In a similar situation, this office examined the duties and responsibilities of an assistant state attorney serving under the Florida Constitution and statutes. In Attorney General's Opinion 71-263 it was determined that this position constitutes an employment rather than an office.[3] In making this distinction, it was the nature of the position of assistant state attorney that was significant, that is, assistant state attorneys serve at the pleasure of the appointing state attorney at a salary to be established by the state attorney and function under the supervision and control of the state attorney. Thus, such position lacks indicia usually present in an "office", that is, tenure, a salary fixed by law, and independent exercise of the sovereign powers of government.
In an earlier opinion issued in 1953 this office considered whether the position of Deputy United States Marshall would be an office under the Government of the United States for purposes of the dual officeholding prohibition. Attorney General's Opinion 53-279 notes that the United States Marshall, by authority of the Attorney General, was authorized to appoint deputies, who were subject to removal by the Marshall "pursuant to civil-service regulations." The opinion concluded that a deputy marshall was a "mere appointee, subject to removal by the marshall, [and] he does not hold an office `under the Government of the United States[.]'" Thus, the question of whether the constitutional dual officeholding prohibition[4] would preclude a sheriff from simultaneously holding an appointment as a deputy marshall was answered in the negative.
A United States Attorney, appointed by the President and confirmed by the Senate, is the chief federal law enforcement official for the judicial district he serves and is responsible for the prosecution of all offenses against the United States within his district.[5] An Assistant United States Attorney is appointed by the Attorney General to aid the United States Attorney in carrying out his duties.[6] Assistant United States Attorneys are subject to removal by the Attorney General and their salary is fixed according to salary schedules for federal employees.[7] They act under the supervision and control of the United States Attorney and the Attorney General.[8]
Based on an examination of your duties and responsibilities as an Assistant United States Attorney, it is my opinion that your position is in the nature of an employment rather than a "civil office of emolument under the United States."
In sum, an Assistant United States Attorney is not an officer for purposes of the constitutional prohibition in Article II, Section5(a), Florida Constitution.
Sincerely,
Robert A. Butterworth Attorney General RAB/tgh
[1] See, e.g., Ops. Att'y Gen. Fla. 02-49 (2002), 80-97 (1980), and 69-2 (1969).
[2] See, State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919).
[3] See, Ops. Att'y Gen. Fla. 71-263 (1971) and 71-296 (1971). Cf., Ops. Att'y Gen. 96-24 (1996), 96-11 (1996), Inf. Op. to Mr. John M. Russi, dated November 16, 1995; and 88-56 (1988).
[4] Article XVI, s. 15, Fla. Const. 1885, provided that "No person holding or exercising the functions of any office . . . under the Government of the United States . . . shall hold any office of honor or profit under the government of this State . . ."
[5] See, 28 U.S.C. ss. 541, 547.
[6] See, 28 U.S.C. § 542.
[7] See, 28 C.F.R. s. 0.15, Nadler v. Mann, 951 F.2d 301 (C.A. 11 [Fla.] 1992), and Windsor v. U.S. Dept. of Justice, 740 F.2d 6 (C.A. 6 [Tenn.] 1984).
[8] See, 28 C.F.R. § 0.15.