**Cathryn J. CONNER, Plaintiff–Appellant,**

v.

**ATTORNEY GENERAL, OF THE UNITED STATES; Department of Justice, Defendants–Appellees.**

No. 03–5761.

United States Court of Appeals, Sixth Circuit.

May 5, 2004.

Cathryn J. Conner, Jackson, TN, pro se.

Robert M. Loeb, Jennifer R. Rivera, Catherine Y. Hancock, U.S. Department of Justice, Washington, DC, for Defendants–Appellees.

Before SUHRHEINRICH, BATCHELDER, and COLE, Circuit Judges.

## ORDER

Cathryn Conner, a Tennessee resident proceeding pro se, appeals a district court order denying her motion to rescind the settlement agreement, construed as a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b), in this civil rights action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–16 et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Conner originally filed this action on August 4, 1998, against then Attorney General Janet Reno and the United States Department of Justice ("DOJ"), alleging a violation of her civil rights arising out of her employment as a secretary with the United States Attorney's Office for the Western District of Tennessee. This case was vigorously litigated by the parties for the next year and a half. In May 2000, the parties executed a detailed eight-page settlement agreement after engaging in an extensive two-day mediation in Nashville. During these negotiations, Conner was represented by counsel. Upon being informed in May 2000 that the case had been settled, albeit with specific written contingencies, the district court removed the case from its September 25, 2000 trial docket pending receipt of the parties' stipulation disposing of the case. The court was also informed orally by the parties that it could take approximately a year for

certain contingent aspects of the settlement agreement to be consummated.

More than a year later, on June 19, 2001, the defendants filed a motion to enforce the settlement agreement and to dismiss. On July 2, 2001, Conner, through counsel, filed her response to the defendants' motion. On July 18, 2001, the court held a hearing on the motion to enforce the settlement agreement, and ultimately ordered that the matter be dismissed.

Thereafter, the district court ordered that the settlement agreement, which required the parties to submit a stipulation of dismissal, be specifically performed. The defendants then tendered a check to Conner's counsel in the full amount of the settlement, i.e., $79,928.16. Conner filed a notice of appeal with the Sixth Circuit on September 21, 2001; however, on November 13, 2001, the Sixth Circuit dismissed Conner's appeal for failure to prosecute.

More than a year after the district court entered a stipulation of dismissal and almost a year after the Sixth Circuit dismissed Conner's appeal, on September 5, 2002, Conner filed a motion to rescind the settlement agreement and to reset the case for trial. The district court construed the motion as a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b) and denied the motion in an order filed April 3, 2003. This appeal followed.

We review the denial of a Rule 60(b) motion for an abuse of discretion. *Windsor v. United States Dep't of Justice*, 740 F.2d 6, 7 (6th Cir.1984). Moreover, an appeal from the denial of a Rule 60(b) motion does not bring up for review the underlying judgment. *Id.*

Conner sets forth three bases in support of her motion: (1) the defendants' collective failure to inform her of the opportunity to apply for worker's compensation benefits; (2) the disclosure of the settlement agreement to the Department of Labor's Office of Worker's Compensation Program

("OWCP"); and (3) the cover letter from the defendants to OWCP which made "it clear that the government believed Conner was not entitled to file a claim for worker's compensation."

Federal Rule of Civil Procedure 60(b) provides (in relevant part):

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated ...; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed.R.Civ.P. 60(b). Accordingly, Rule 60(b)(1) through 60(b)(3) motions must be made during the one-year period noted above, and Rule 60(b)(4) through 60(b)(6) motions must be made "within a reasonable time." As a practical matter, a party seeking relief from judgment under Rule 60(b) must show the applicability of the rule. *In re Salem Mortgage Co.*, 791 F.2d 456, 459 (6th Cir.1986).

■ Conner's Rule 60(b) motion included allegations that fell under subsections (b)(1)-(3) because each of these allegations is one of newly discovered evidence, misrepresentation, or misconduct. Because motions filed under Rule 60(b)(1)-(3) must

be filed within one year of the district court's underlying judgment, and because Conner filed her motion more than a year after the district court entered the stipulation of dismissal, the district court properly held that Conner is precluded from pursuing her motion for relief under Rule 60(b)(1)-(3). Rule 60(b)(6) is inapposite here because her allegations are covered by subsections (b)(1)-(2) of the Rule. *See Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir.1989); *Smith v. Sec'y of Health & Human Servs.,* 776 F.2d 1330, 1333 (6th Cir.1985).

In any event, Conner's motion is utterly without merit. The forwarding of a copy of the settlement agreement to the OWCP was not the cause of the denial of Conner's claim for worker's compensation benefits. As the defendants have pointed out, there is absolutely no language whatsoever in the settlement agreement which precludes the defendants from forwarding a copy of the settlement agreement to the OWCP. To the contrary, the defendants were required to forward the settlement agreement consistent with the broad and all inclusive language in that agreement which indicated that Conner was settling *all* claims with the government. Furthermore, the record amply demonstrates that the defendants have taken no position as to the impact of the settlement agreement on Conner's claim for worker's compensation benefits. Thus, Conner has provided no good reason for obtaining relief from the judgment.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.